## MCHARD v. WILLIAMS.

In an action to foreclose a mortgage on land given to secure a note, a counterclaim alleged that, at the time the note was given, defendant executed to plaintiff a chattel mortgage as security for the note; that thereafter, before filing it, plaintiff materially altered it, without the consent of defendant; that thereafter plaintiff pretending to foreclose the altered mortgage, unlawfully took the chattels and converted them, defendant knowing nothing of the alteration till plaintiff had disposed of the chattels. *Held,* that the cause of action set out in the counterclaim arose out of the transaction set out in the complaint, or was connected with the subject of the action.

(Opinion filed April 7, 1896.)

Appeal from circuit court, Hand county. Hon. LORING E, GAFFY, Judge,

Action to foreclose a real estate mortgage. A demurrer to defendant's counterclaim was overruled, and plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*C. G. Hartley (Pepper & Scott,* of counsel), for appellant.

*Hassell & Meyers* and *John Pusey* and *S. V. Ghrist,* for respondent,

CORSON, P. J. This is an appeal by the plaintiff from an order overruling his demurrer to a counterclaim interposed by the defendant. The action was brought to foreclose a real estate mortgage. The defendant Williams filed an answer, in which he sets up two counterclaims. The demurrer to the first was sustained, and it will not be further noticed. The demurrer to the second was overruled. This counterclaim is as follows: "(7) For a further answer and for a second counter-claim to the causes of action set forth in plaintiff's complaint, this defendant alleges that on the 9th day of July, 1887, at the time the note for $300, described in the first paragraph of the complaint, was given, and as a part of that transaction, this defendant duly made, executed, and delivered to the plaintiff a certain written instrument, to wit, a chattel mortgage, dated on that day, and signed by this defendant, which said chattel mortgage was so given, as security for the payment of the said $300, on four mules belonging to this defendant, and the said chattel mortgage, at the time of its execution and delivery as aforesaid, provided for no attorney's fee; that thereafter, and before said chattel mortgage was filed for record in the office of the register of deeds in and for said Hand county, in which county this defendant resides, the plaintiff, by himself or agent, and with the knowledge, consent and authority of plaintiff, and without any consent thereto by this defendant, materially altered and changed the said chattel mortgage by inserting therein a provision for the payment of an attorney's fee of $100; that, after the said mortgage had been so altered, the plaintiff caused it to be filed in the office of the said register of deeds; that on or about the 10th day of May, 1892, this defendant was lawfully possessed of and was the owner of the mules described in the said chattel mortgage, of the value of $700; that on said last mentioned day, at said Hand county, the said plaintiff, pretending to foreclose said fraudulently altered chattel mortgage, unlawfully took and carried away said mules, and converted and disposed of the same to his own use, to the damage of this

defendant seven hundred (700) dollars; that this defendant knew nothing of the said fraudulent alteration in said chattel mortgage until after said plaintiff had disposed of said mules."

It will be observed that it is alleged that the giving of the chattel mortgage was a part of the same transaction set out in the complaint, the chattel mortgage being given to secure the same note that was secured by the mortgage on real estate sought to be foreclosed by this action. But appellant contends that the counterclaim is not based upon the chattel mortgage, as the pleader, in effect, shows that the chattel mortgage was void, and hence it is out of the case, and that the claim of the defendant is based upon the wrongful conversion of the mules by the plaintiff, not constituting a breach of any contract, but a *tort*, which cannot be counterclaimed against a cause of action on contract. Respondent, however, insists that the counterclaim was proper, under Subdivision 1, Sec. 4915, Comp. Laws, and that the cause of action set out in the counterclaim arose out of the transaction set forth in the plaintiff's complaint, or was connected with the subject of the action. The cause of action set out in the counterclaim, it seems to us, clearly arose out of the transaction, or was connected with the subject of the action, set forth in plaintiff's complaint. A part of that transaction, as set out in the counterclaim, was the giving of the chattel mortgage under which the plaintiff assumed to sell defendant's mules. The mere fact, therefore, that the acts of the plaintiff regarding the chattel mortgage, subsequent to its execution, are claimed to have invalidated it, and rendered plaintiff's sale of the mules illegal, and subjected the plaintiff to liability to the defendant for their full value, does not render the sale any the less a part of the transaction connected with the subject of the action. Laney v. Ingalls, (S. D.) 58 N. W. 572; Ainsworth v. Bowen, 9 Wis. 348; Streeper v. Thompson, (Tex. Civ. App.) 23 S. W. 326; Carpenter v. Insurance Co., 93 N. Y. 552; Bliss, Code Pl. §§ 372-377. In Carpenter v. Insurance Co., *supra*, the court of appeals of New York uses the following

language: "The counterclaim must have such a relation to and connection with the subject of the action that it will be just and equitable that the controversy between the parties as to the matters alleged in the complaint and in the counterclaim should be settled in one action by one litigation, and that the claim of the one should be offset against or applied upon the claim of the other. Here it is sufficiently accurate to say that the subject of the action was the wood wrongfully taken by the defendant, and the counterclaim was for damages sustained by the defendant, in the wrongful impairment of its security, by the severance of the same wood from the land, and thus diminishing the value of the land by the value of the wood. In such case it is certainly just that the defendant should counterclaim its damages for the severance of the wood against the plaintiff's claim for the conversion thereof. In the forum of conscience, the plaintiff was under obligation to restore the wood to the defendant as a portion of its security for its claim against the mortgagor. Thus it can with great propriety be said that defendant's claim had some connection with the subject of the action." If the note set out in plaintiff's complaint, and to satisfy which he seeks to sell defendant's real property, was in effect satisfied by a sale of defendant's personal property, mortgaged to secure the same note, it would be manifestly unjust to compel the defendant to submit to a judgment upon the note, and a sale of his real property to satisfy the same, and leave him with simply a right of action against the plaintiff for the value of his mules.

One of the more important purposes of the adoption of the code system of pleading, was to avoid as far as possible a multiplicity of suits, and to enable parties to determine their differences in one action. And to this end counterclaims were designed, not only to include recoupment and setoffs at common law, but to enlarge their scope, so that but few cases could arise in which all litigation between the parties to the action might not be settled in the same suit. The learned counsel for

the appellant has argued the case upon the theory that the provisions relating to counterclaims should be strictly construed, but in this he is clearly in error. These provisions should receive a liberal construction, as, in the language of Mr. Justice FULLER, in Laney v. Ingalls, *supra*, it "enables litigants to determine their controversies without additional expense, and, in case a plaintiff is insolvent, it is often the only means by which a defendant may obtain justice." The order of the circuit court overruling the demurrer is affirmed, and the case remanded for further proceedings according to law.