## NORTHWESTERN PORT HURON ℂO. v. IVERSON et al.

Rev. Code Civ. Proc. § 127, provides; "The counterclaim * * * must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action: (1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. (2) In an action arising on contract, any other cause of action arising also on contract and existing at the commence-ment of the action." **Held** that, where the cause of action sought to be counterclaimed arises out of the contract or transaction or is connected with the subject of the action set out in the complaint, it is immaterial whether the cause of action arises on contract or on tort, and it is only when the cause of action sought to be counterclaimed arises on an independent contract that it becomes material that it should be on contract and exist at the commencement of the action.

Rev. Code Civ. Proc. § 127, provides: "The counterclaim * * * must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action: (1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action. (2) In an action arising on contract, any other cause of action arising on contract and existing at the commencement of the action." **Held** that, in an action on notes secured by a chattel mortgage on machinery, defendant could counterclaim for the wrongful conversion of the machinery by plaintiff through an attempted foreclosure which did not comply with the statute relating to such foreclosures.

The statutory provisions relating to sales of property under chattel mortgages by advertisement must be substantially complied with,

and, where a chattel mortgagee takes possession of the property for purposes of foreclosure and sells it without such substantial compliance, he converts the property, and his lien thereon is extinguished.

Under Rev. Civ. Code, § 2077, providing that the notice of sale on foreclosure of a chattel mortgage must be published in a newspaper published nearest the place of sale in the county wherein the mortgage or a certified copy shall have been filed, a foreclosure attempted in a county other than that in which alone the mortgage was executed and filed was void.

Where, in an action to recover an indebtedness represented by notes executed by defendant and secured by a chattel mortgage on machinery, defendant counterclaimed for the conversion of the machinery through an unlawful foreclosure and sale by plaintiff, and introduced evidence of the value of the machinery at the time of its conversion, and it appeared that previous to the trial plaintiff had disposed of the notes and that they were still outstanding against defendant, and no evidence tending to prove the amount due on the notes was offered, defendant was entitled to recover the value of the machinery without deduction of the mortgage debt.

Since under Rev. Civ. Code, § 2042, a chattle mortgage constitutes only a lien on the property, the title does not pass until there is a legal foreclosure of the mortgage.

In an action against a principal and surety wherein the principal counterclaimed, plaintiff having moved for a dismissal of the action, could not on appeal complain of the dismissal as to the surety, though the court refused to dismiss as to the principal.

(Opinion filed, July 22, 1908.)

Appeal from Circuit Court, Roberts County.   Hon. J. H. McCoy, Judge.

Action by the Northwestern Port Huron Company, a corporation, against Olaf Iverson and another. Judgment for defendants, and plaintiff appeals.   Affirmed.

*W. E. Dodge, Wm. A. Tautges,* and *J. J. Batterton,* for appellant.   *Howard Babcock,* for respondent.

CORSON, J.   This action was instituted by the plaintiff, a corporation, to recover from the defendants an indebtedness represented by certain promissory notes executed by the defendant Olaf Iverson, as maker, and Bjorn Iverson, as surety, aggregating $1,-975 together with costs.   It is alleged in the complaint "that said notes and the debt thereof were secured by a chattel mortgage upon a certain threshing machine and engine, which said mortgage was foreclosed on the 28th day of January, 1905, and the proceeds of

the sale thereof applied on the payment of the first of the above-described notes; that the mortgage on said machine, which was for the security of the notes above described, contained certain clauses and conditions, among others that if the said notes or any part thereof were not paid when due, or if the mortgagor abandoned said property or failed to care for it, and protect it from the weather, or if at any time the said mortgagee deemed himself insecure, he might himself or his duly appointed agent seize the said property, and might elect to declare the whole amount of said notes and debt secured by the mortgage to be due and payable at once." It is then alleged that there was a default on the part of the defendants, the machinery mortgaged was abandoned, and that the plaintiff elected to declare the whole amount of the mortgage debt due, aggregating $1,975, with interest as before stated. The defendants answered separately. Bjorn Iverson admits the incorporation of the defendant; admits that he executed the promissory notes described in plaintiff's complaint, and alleges that he executed the same as surety, receiving no consideration therefor, and denies that he at any time made, executed, or delivered the chattel mortgage described in the complaint or any chattel mortgage whatever to secure the payment of said note. Olaf Iverson in a separate answer admits the incorporation of the plaintiff, the execution and delivery of the promissory notes, and the execution of the chattel mortgage, but denies that the chattel mortgage or any copy thereof was ever at any time filed for record in the office of the register of deeds in and for Roberts county, and denies that on the 29th day of January, 1905, or at any other time, said plaintiff foreclosed said chattel mortgage as alleged in the complaint and for a counterclaim alleges as follows: "Further answering said complaint, and for a counterclaim herein, this defendant alleges that on or about the 1st day of January, 1905, said plaintiff wrongfully and unlawfully, without the consent of this defendant, took from this defendant's possession the threshing machine and engine which was covered by said mortgage, and which was then the property of the defendant, and removed the same from the county of Marshall, and wrongfully and unlawfully secreted and disposed of the same and converted the same to its own use; that the actual value of

said threhsing machine and engine at that time and now was and is the sum of $3,500." The defendant further alleged that, by reason of said conversion, he had sustained damages in the sum of $1,000 and demanded judgment for $4,500. Before the commencement of the trial the plaintiff moved to dismiss the action, which motion was granted as to the defendant Bjorn Iverson, but denied as to the defendant Olaf Iverson, to which ruling the plaintiff duly excepted.

It is contended by appellant that "the socalled counterclaim is interposed in an action predicated on contract for the recovery of money only. It does not arise out of the same transaction, and, since it sounds in tort, cannot be interposed under the statute in an action of this character." It is the contention of the respondent Olaf Iverson that the counterclaim set out in his answer states a cause of action which arose out of the "transaction set forth in the complaint as the foundation of plaintiff's claim," and is also "connected with the subject of the action." We are inclined to the opinion that the respondent is right in his contention, and that the counterclaim did arise out of the transaction set forth in plaintiff's complaint as the foundation of the plaintiff's claim, and is connected with the subject of the action. Section 127 of the Revised Code of Civil Procedure provides: "The counterclaim mentioned in the last section must be one existing in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action: (1) A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. (2) In an action arising on contract, any other cause of action arising also on contract and existing at the commencement of the action." It will be observed from the reading of the foregoing section that three cases are provided for in which a counterclaim is permissible: First, in a case where the cause of action is set out in the counterclaim arises out of the contract or transaction set up in the complaint; second, a cause of action connected with the subject of the action; and, third, in an action on a contract, a cause of action arising on contract and existing at the commencement of the action

may also be counterclaimed. Where the cause of action sought to be counterclaimed arises out of the contract or transaction or is connected with the subject of the action set out in the complaint, it is not material whether the cause of action be one arising on contract or by reason of a tort. When the cause of action arises out of the transaction or is connected with the subject of the action, it may be pleaded as a counterclaim without regard to its character, and it is only where the cause of action sought to be counterclaimed arises upon an independent contract that it becomes material that the cause of action so sought to be counterclaimed should be one on contract and existing at the time of the commencement of the action.

In McHard v. Williams, 8 S. D. 381, 66 N. W. 930, this court said: "One of the more important purposes of the adoption of the Code system of pleading was to avoid, as far as possible, a multiplicity of suits, and to enable parties to determine their differences in one action. And to this end counterclaims were designed, not only to include recoupment and set-offs at common law, but to enlarge their scope, so that but few cases could arise in which all litigation between the parties to the action might not be settled in the same suit. * * * These provisions should receive a liberal construction, as, in the language of Mr. Justice Fuller, in Laney v. Ingalls, 5 S. D. 183, 58 N. W. 572, it enables litigants to determine their controversies without additional expense, and, in case a plaintiff is insolvent, it is often the only means by which a defendant may obtain justice." Minneapolis Thresher Machine Company v. Darnall, 13 S. D. 279, 83 N. W. 266. And this seems to be the view taken by the learned Supreme Court of North Dakota in the analogous case of Hanson v. Skogman, 14 N. D. 445, 105 N. W. 90. In that case the court says: "Courts and text-writers have expended much time and learning in attempting to define the meaning of the word 'transaction,' and of the phrase 'subject of the action,' as used in this statute, which is common to many states, and, it must be confessed, without marked success. Bliss on Code Pleadings, § 371, in referring to this provision, says: 'Three classes of counterclaims are there provided for: First, a demand existing in favor of the defendant and against the plaintiff,

which arises out of the contract upon which the plaintiff has based his action; second, a demand so existing, which arises out of the transaction—a broader term than contract—upon which the plaintiff has based his action; and, third, a demand so existing which need not necessarily arise out of either the contract or the transaction involved in the action, but is sufficient if it is connected with the subject of the action.' The 'transaction' upon which the plaintiff's action is based included the chattel mortgage as well as the note. The obligations and liabilities of the parties arise out of that transaction. It is sufficient to say that, under the settled construction of this statute, the defendant's cause of action for the conversion of the mortgaged property was a proper subject of counterclaim under either the second or the third grounds; i. e., because it arose out of the 'transaction,' or because it was connected with the subject of the action." And in support of the views expressed by that court it cites the following cases: McHard v. Williams, 8 S. D. 381, 66 N. W. 930; Ainsworth v. Bowen, 9 Wis. 348; Hyman v. Jockey, etc., 9 Colo. App. 299, 48 Pac. 671; Rush v. Bank, 71 Fed. 102, 17 C. C. A. 627; Bank v. O'Connell, 84 Iowa, 377, 51 N. W. 162, 35 Am. St. Rep. 313; Streeper v. Thompson, 23 S. W. 326. See, also, Bliss on Code Pleading, §§ 372-377, and cases cited.

It is disclosed by the record in the case at bar that the defendant Olaf Iverson purchased the threshing machine rig from the plaintiff; that, to secure the payment of the same, the defendant Olaf as principal and Bjorn Iverson as surety executed certain promissory notes for the amount; that, to secure the payment of these notes, the defendant Olaf Iverson executed a chattel mortgage upon the machinery purchases; that the plaintiff attempted to foreclose the chattel mortgage, but failed to comply with the provisions of the statute relating to the foreclosure of chattel mortgages, and thereby in effect, converted the property so mortgaged to its own use and became liable for the value of the same to the defendant Olaf Iverson; that, by virtue of the provisions and stipulations in the chattel mortgage, it sought to declare the full amount due on the notes before the time specified for their payment set forth in plaintiff's complaint. It will thus be seen that the execution of the notes and chattel mortgage were a part of the

same transaction, and that the conversion of the threshing machinery by the plaintiff and its election to declare the notes due and payable were all a part of the same transacaion. The case, therefore, comes clearly within the rule laid down in McHard v. Williams, supra, Threshing Machine Company v. Darnall, supra, Hanson v. Skogman, supra; and Carpenter v. Insurance Company, 93 N. Y. 552.

It is further contended by the appellant that the evidence of the defendant is insufficient to show a conversion by the plaintiff, but in our opinion this contention is clearly untenable. It appears from defendants' evidence that the attempted foreclosure as the chattel mortgage was made in violation of sections 2073-2077, Rev. Civ. Code, inclusive, and therefore did not constitute a valid foreclosure, but was in effect a conversion of the property. Everett v. Buchanan, 2 Dak. 249, 6 N. W. 439, 8 N. W. 31. The law as laid down in that case has been uniformly followed in this state, and it may be regarded as settled within this jurisdiction that where a mortgagee of personal property takes possession of the same for the purpose of foreclosing his mortgage, and sells the same without a substantial compliance with the statute, he converts the property and his lien on the same is extinguished. The provisions relating to the sales of property under chattel mortgages by advertisement is statutory and the proceedings required by the law must be substantially complied with. Felker v. Grant, 10 S. D. 141, 72 N. W. 81; Pitts Agricultural Works v. Baker, 11 S. D. 342, 77 N. W. 586; Colby v. Kimball Co., 99 Iowa, 321, 68 N. W. 786. In the case at bar the property at the time it was mortgaged was situated in Marshall county, and the chattel mortgage was recorded in that county. The property, however, before the sale was removed to Roberts county, and without filing the mortgage or a copy thereof in that county an attempted foreclosure was made, and the property sold at Sisseton in the latter county. By section 2077 of the Code, above referred to, it is provided that "the notice of sale shall be published in a newspaper, published nearest the place of sale in the county wherein the mortgage or a certified copy shall have been filed." The foreclosure, therefore, attempted in a county other than that in which the mortgage was executed and filed was clearly unauthorized and void.

It is further contended by the appellant that, if in fact there was sufficient evidence to establish the conversion of the mortgaged property, it does not appear that the defendant sustained any damages, and in any event he would be entitled to recover only the value of the property, less the amount of the mortrage debt. This contention is untenable, for the reason that it was disclosed by the record that the plaintiff had previous to the trial disposed of the notes, and that they were still unpaid and outstanding as against the defendants. The plaintiff offered no evidence in the action tending to prove the amount due upon the notes, and hence the controversy as to the notes and amount due thereon was practically out of the case, and the defendant Olaf Iverson, having introduced evidence showing the value of the mortgaged machinery at the time of its alleged conversion by the plaintiff, was entitled to recover the value of the same, and there was ample evidence to support the findings of the jury that the value of the mortgaged property at the time of the conversion was $3,500 found by them in favor of the defendant Olaf Iverson by their verdict.

It is further contended by the appellant that the title to the property passed by virtue of the chattel mortgage to the plaintiff, but this contention is untenable, for the reason that under the Code of this state (section 2042, Rev. Civ. Code) a mortgage only constitutes a lien upon the property. The title of the property thereto does not pass until there is a legal foreclosure of the mortgage.

The contention of the appellant that the court erred in dismissing the action as to Bjorn Iverson is clearly untenable, for the reason that the action was dismissed as to him upon the motion of the appellant, and the fact that the court denied the motion to dismiss the action as to Olaf Iverson does not in any manner affect a dismissal of the action as to Bjorn Iverson, or render such dismissal erroneous. We are of the opinion that the court was right in directing a verdict in favor of the defendant Olaf Iverson as the evidence tending to prove a conversion of the property by the appellant was practically undisputed.

Finding no error in the record, the judgments of the circuit court in favor of the defendants are affirmed.