HOEVEN, Respondent, v. MORLEY, Appellant.

(155 N. W. 191.)

(File No. 3796. Opinion filed December 18, 1915. Rehearing denied February 9, 1916.)

1.　Counterclaim—Suit on Contract—Attachment as Tort, in Same Suit.

　　A claim for damages for wrongful attachment of defendant's property, in a suit on contract, is not a proper counterclaim; since the attachment, being a tort, cannot be pleaded as a counterclaim, even though it issued in the same action.

2.　Contracts—Consideration—Acceptance of Employment as Con-

sideration for Extension of Credit—Previous Acceptance of Employment—Effect.

While the acceptance of employment from a third person, and entering into same as a result of and in reliance upon an agreement for an extension of time for payment of a debt would constitute a good consideration for such agreement, yet, **held,** that where an acceptance of an offer of employment had been made previous to the date of the agreement, such extension agreement was without consideration, the acceptance of employment not being the result of the creditor's promise to extend time.

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by J. Hoeven, against Harry Morley, to recover upon open accounts. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Krause and Krause,* for Appellant.

*Wagner and Danforth,* for Respondent.

(1) To point one of the opinion, Appellant cited:

Waugenheim v. Graham, 39 Cal. 169.

(2) To point two of the opinion, Appellant cited:

Hamer v. Sidway, (N. Y.) 12 L. R. A. 463; Devecmon v. Shaw, 69 Md. 199; 9 A. S. R. 422.

Respondent cited:

Civil Code, Section 1224.

WHITING, J. Action to recover upon two open accounts; one an account between the plaintiff and defendant, the other an account between a third party and defendant, but which had been assigned to plaintiff. Defendant pleaded a general denial, a binding agreement to extend time of payment beyond date when this action was commenced, and, as a counterclaim, damages for wrongful attachment of defendant's property, said attachment having issued in this same action. The trial court excluded any evidence in support of the counterclaim, and directed a verdict in favor of plaintiff on both causes of action, leaving, however, to the jury to determine the exact amount due upon each cause of action. From the judgment entered upon the verdict returned, and from an order denying a new trial, defendant has appealed.

[1] In Tuthill v. Sherman, 32 S. D. 103, 142 N. W. 257, this court held that, a wrongful attachement being a tort, damages therefor could not be pleaded as a counterclaim in an action

brought upon a contract, even though such attachment issued in such action. To avoid the effect of such decision appellant contends that the issuing of the attachment was a breach of the agreement for extension of time for payment of debt, and that therefore the counterclaim is based upon contract, and not upon tort. Appellant claims that a part of such agreement was an assurance that he could, during the time of such extension, have the use of his automobile in the conduct of the employment in which he had contracted to engage. The property attached was this automobile. As hereinafter appears, such agreement, if made, was without consideration and not binding upon respondent, and could not form the basis of appellant's claim of damages.

[2] Respondent was a resident of Sioux City, Iowa. Appellant had also resided at Sioux City, and it was while residing there that the indebtedness sued for had been contracted. Appellant alleged that he had been offered employment at the city of Sioux Falls; that he advised the plaintiff of such offer and of the necessity, in case he accepted such offer, of his having the use of his, appellant's, automobile; that respondent agreed, if appellant would accept such offer of employment, that he might have until the next spring within which to pay the indebtedness then due respondent; that it was in consideration of such agreement that he accepted such employment and entered upon the same; and that, disregarding such agreement, the respondent had brought this action within a few days after such agreement had been entered into and had attached such auto. It needs no citation of authority to sustain the proposition that the accepting of employment and entering into same as a result of and in reliance upon a promise or agreement for an extension of time for payment of an indebtedness might constitute ample consideration for such agreement, but it appears from the evidence herein that appellant did not accept the employment because of any agreement for the extension of time of payment of this indebtedness. Appellant had accepted the offer of employment before respondent made any agreement to extend time of payment, if in truth he ever made such an agreement. Appellant, when testifying in relation to the conversation at which he claims this agreement of extension was entered into—which conversation occurred upon appellant's return to Sioux City from a trip to Sioux Falls—said:

"When I returned along in the afternoon I told him I had been to Sioux Falls and had secured the employment from the stock-yards company, and that I intended to return there in a few days to make that city my home and take this employment permanently."

It was after the making of this statement to respondent that appellant claims respondent promised to give him until the next spring within which to pay his indebtedness, provided he accepted this employment. Inasmuch as appellant's own testimony shows that he had already accepted the employment, it conclusively appears that there was no consideration for respondent's alleged promise.

The first cause of action was undisputed; and, while the evidence in support of some items of the account forming the basis of the second cause of action is exceedingly unsatisfactory, yet we cannot say that there was not sufficient thereof to go to the jury and to support their verdict.

The judgment and order appealed from are affirmed.