DRIVER, Appellant, v. GILLETTE, Respondent.

(177 N. W. 815.)

(File No. 4661. Opinion filed May 24, 1920).

1. **Libel and Slander—Counter-claim Against Purchase Money Note for Dental Office and Business, Alleging Plaintiff's Publication of Resumption of Business and Non-sale of Same and of Suits to Recover Possession, Whether Ground for Libel Damages.**

   A counterclaim, in a suit upon a purchase money note, alleging that plaintiff sold and delivered to defendant his office furniture and fixtures and dental business, after which he repeatedly told people living in the vicinity that he was going to resume there his practice at his old office, that he had not sold his business to defendant, but had merely made arrangement with him to run it until he returned, that plaintiff caused to be published in the local newspaper a statement that he had commenced suit against defendant to regain possession office furniture, fixtures and dental business, and that he would resume his business there,—did not state a cause of action for libel.

2. **Counter-claim—Suit on Purchase Money Note Re Dental Office Furniture and Business—Counter-claim of Plaintiff's Announced Resumption of Business and Non-sale Thereof, and Published Notice re Suit for Repossession, Whether Counterclaim re Plaintiff's Cause of Action—Statute—Note as Mere Evidence of Debt—Laney Case Adhered To.**

   A counterclaim, in a suit upon a note for purchase money of plaintiff's office furniture, fixtures and dental business, sold to defendant, which counterclaim alleged that after the sale plaintiff announced to local parties he was going to resume his practice at his old office, that he had not sold his business but had merely arranged with defendant to run it until he returned, and that plaintiff published in a local newspaper his statement that he had sued defendant for re-possession of the furniture and business,—states a cause of action arising "out of the cause of action set forth in the complaint," and is "connected with the subject of the action" within the meaning of Subd. 1, Sec. 127, C. C. P. 1903, (Rev. Code 1919, Sec. 2354, Subd. 1); that plaintiff's cause of action did not arise upon the note, but the note was merely evidence of the debt due from defendant to plaintiff, to which defendant might counterclaim as if original contract, of which the note was evidence, had been sued on. Laney v. Engalls, 5 S. D. 183, cited re the rule.

Appeal from Circuit Court, Douglas County.  Hon. Robert B. Tripp, Judge.

Action by R. B. Driver, against E. A. Gillette, to recover upon a promissory note, defendant counterclaiming.  From an order overruling a demurrer to the counterclaim, plaintiff appeals.  Affirmed.

*Walker & Gurley,* for Appellant.
*John W. Addie,* for Respondent.

(2)  To point two of the opinion, Appellant cited:  Watts v. Grant, Neb., 61 N. W. 104.

Respondent cited:  Advance Thresher Co. v. Klien, 28 S. D. 177, 133 N. W. 51.

GATES, J.  Appeal from an order overruling a demurrer to defendant's counterclaim.  This action is upon a promissory note.  By his amended answer defendant admitted the giving of the note, but alleged that it was given as part of the purchase price of plaintiff's dental business at Armour, including office and fixtures; that as an inducement to such purchase, upon which defendant relied, plaintiff made false representations as to the value of the business; and that certain articles of furniture belonging to another were included which were thereafter taken by the true owner.  The counterclaim reiterated the above allegations and further alleged:

"That the plaintiff sold and delivered to him his office furniture and fixtures and dental business at Armour, S. D., but that after the said sale the plaintiff repeatedly told people living in Armour and vicinity that he was coming back to Armour to resume his practice at his old office, and the plaintiff further stated that he had not sold his said business to the defendant, but had merely made arrangements with him to run his business until he returned.

"That the plaintiff caused to be published in the Armour Chronicle, a weekly newspaper published at Armour, S. D., a statement to the effect that he had commenced suit against the defendant for the purpose of getting possession of his office furniture and fixtures and dental business at Armour, S. D., and that he would resume his said business at Armour, S. D.

"All the foregoing was false and injurious to the business

of this defendant, and the defendant was damaged thereby in his dental business at Armour, S. D., in the um of $1,000."

[1, 2]  Appellant mistakenly contends that the counterclaim contains a cause of action for libel.  Further discussion of that contention is not deemed necessary.  He also contends that respondent's cause of action does not arise "out of the contract or cause of action set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action," within the meaning of subdivision 1, § 127, C. C. P. 1903 (Rev. Code 1919, § 2354, subd. 1).  Appellant contends that his cause of action arises from the giving of the promissory note by respondent and from respondent's default in not paying it when due, and that such is the only transaction set out in the complaint. Appellant overlooks the controlling point that the promissory note was but the evidence of the debt due from respondent to him, and that respondent was entitled to make the same defense or counterclaim as if the original contract, of which the promissory note was the evidence, had been sued upon.  In Laney v. Ingalls, 5 S. D. 183, 186, 58 N. W. 572, this court said:

"As between the original parties, or those who stand in their place, it would be repulsive to our practice, and inconsistent with a fair, economic and speedy administration of justice, to hold that a person sued on a promissory note given for the purchase price of personal property could not defend on the ground that there was a failure of consideration or a breach of warranty as to the quality of such property, which, if proved, would partially or entirely defeat plaintiff's recovery.  The reasons for the practice are too apparent to admit of argument or illustration.  It avoids a multiplicity of suits, enables litigants to determine their controversies without additional expenses, and, in case a plaintiff be insolvent, it is often the only means by which a defendant may obtain justice and prevent a wrongdoer from obtaining something for nothing."

See, also, the authorities cited in such opinion.

We are convinced that the issues raised by the counterclaim arise "out of the cause of action set forth in the complaint," and also that they are "connected with the subject of the action."

The order overruling the demurrer is affirmed.