ROBINSON, Appellant, v. NELSON, Circuit Court Clerk, et al, Respondents.

(226 N. W. 341.)

(File No. 6393.    Opinion filed June 27, 1929.)

328

*Amos N. Goodman,* of Aberdeen, for Appellant.

*Van Slyke & Agor,* of Aberdeen, for Respondents.

BROWN, J.   In August, 1913, in an action in Brown county for the foreclosure of a mortgage on real estate, given by Emma Cranmer and S. H. Cranmer to J. H. Suttle, one of the defendants in this action, a receiver was appointed to take charge of the rents and profits.   Personal service was not obtained and no appearance was made by either of the defendants in the action.   The mortgaged premises were sold under the judgment of foreclosure on December 15, 1913, and on December 16, 1914, a sheriff's deed was issued for the mortgaged premises to the plaintiff in that action, J. H. Suttle.   A deficiency of approximately $1,700 remained due on the indebtedness secured by the mortgage.   On January 8, 1915, the receiver made his report to the court, showing a balance in his hands of $283, after deducting all proper disbursements, upon which the court, without any notice to the Cranmers, made an order directing the receiver to pay the money to the clerk of the court, which was done.   Thereupon, upon the application of the plaintiff in the foreclosure action, the court directed the clerk to pay the money to him, which was done.   In 1918 the Cranmers, by an instrument in writing, assigned and transferred to the plaintiff herein the said sum of $283 and all their right, title, and interest therein, together with interest thereon from January 13, 1915. Demand for the payment of this sum was made upon the defendants on behalf of plaintiff, and, payment being refused, this action was commenced, in which verdict and judgment were for the defendants, and, from the judgment and an order denying motion for judgment notwithstanding the verdict and an order denying a new trial, plaintiff appeals.

■   On a former appeal in this case, Robinson v. Nelson, 44 S. D. 281, 183 N. W. 874, we held that the complaint did not state a cause of action against the defendant Nelson.   The complaint has not since been changed in any manner, and we think that decision must be considered the law of the case upon this appeal, and that therefore no recovery can be had against Nelson.

■   As to the defendant Suttle, it is plain that the court had no jurisdiction to order the $283 to be paid to him.   The rents and profits of the real estate were not mortgaged to Suttle.   No

jurisdiction over the persons of either of the defendants in the foreclosure action had been obtained, and no personal judgment could be rendered against either of them in that action. The order of the court, therefore, which Suttle procured, directing the money to be paid to him, was without jurisdiction and void, and Suttle's receipt of the money was simply a conversion of it.

In this action Suttle attempts to attack the transfer from the Cranmers to plaintiff, and contends that plaintiff is not the real party in interest because the Cranmers warranted the title to the fund and agreed to pay the expense of collecting it. This contention cannot be sustained. The written assignment which was offered in evidence is an absolute transfer of the title to the fund, and plaintiff testified that he paid full value for it, and this testimony is nowhere disputed.

By an instruction to which plaintiff duly excepted, the jury were instructed that, if they should find that plaintiff is not the real party in interest or that the said assignment was only a pretended assignment, their verdict should be for the defendant. There was no evidence whatever on which to base this instruction, and it was error to give it. The court further instructed the jury that, if Suttle had applied the money to the indebtedness of the Cranmers to him, and if S. H. Cranmer had knowledge thereof before the assignment of the fund to plaintiff, their verdict should be for the defendant. This instruction also was clearly erroneous. The undisputed evidence shows that J. H. Suttle wrongfully took money belonging to Emma A. and S. H. Cranmer, and he had no right to apply it on the indebtedness of the Cranmers to him without their consent, which he never obtained. The fact, therefore, that one of them had knowledge of his wrongful application of this money would not prevent or deprive the Cranmers of the right to make an assignment of the fund to the plaintiff. Defendant Suttle invokes the provisions of Rev. Code 1919, § 2307:

"In case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any set-off or other defense existing at the time of, or before notice of, the assignment."

But this section must be construed in connection with section 2354, relating to counterclaims (Kirby v. Jameson, 9 S. D. 8, 67

N. W. 854), and defendant, having wrongfully converted the fund belonging to the Cranmers, could not set up as a counterclaim in an action against him for the conversion the indebtedness that they owed him upon the contract. Defendant also contends that plaintiff's action is upon contract, and therefore his claim against the Cranmers may properly be set up as a counterclaim. But plaintiff's action does not purport to be, and is not, upon contract. The amount of money converted was a specific sum, and, were plaintiff suing upon an implied contract on the part of Suttle to repay it, a money demand summons would have been the appropriate form of summons, but the action was commenced by service of a relief summons. The complaint does not purport to be for money had and received to the use of the Cranmers, but proceeds upon the theory that the defendant Suttle obtained the money wrongfully, "without excuse or authority," that demand had been made therefor and defendant had refused to pay. This states all the elements of an action in conversion. The indebtedness of the Cranmers to Suttle was not a subject of counterclaim or set-off in this action. 24 Cyc. 658.

The court also instructed the jury, in substance, that, if they should find that the assignment was fraudulent, their verdict should be for defendant, and stated that fraud might be inferred from circumstances as well as by direct and positive proof, and further stated that fraud was any act fitted to deceive. This instruction was erroneous in not containing any information that, if plaintiff was a purchaser for a fair consideration, without knowledge of the fraud at the time of his purchase, he was entitled to recover, notwithstanding the conveyance might have been made by the Cranmers with intent to defraud their creditors. See Uniform Fraudulent Conveyance Act, Laws of 1919, c. 209, § 9, subd. 1.

The judgment and orders appealed from are reversed, and the cause remanded, with directions to the trial court to enter judgment for the plaintiff against the defendant Suttle, as prayed for in the complaint.

SHERWOOD, P. J., and POLLEY and BURCH, JJ., concur. CAMPBELL, J., not sitting.