INTERNATIONAL HARVESTER CO., Appellant, v.
NELSON, Respondent.

(231 N. W. 938.)

(File No. 6931. Opinion filed September 2, 1930.)

*Parliman & Parliman,* of Sioux Falls, for Appellant.
*Danforth & Barron,* of Sioux Falls, for Respondent Nelson.

MISER, C.   Appellant brought three actions to recover upon eight promissory notes payable to it, claiming thereon an aggregate of $4,358.72 with interest from December 20, 1928.   The defendants in the first case were N. F. Nelson, Leonard Tufty, and Herbert I. Tufty, makers of a note due May 1, 1927.   The defendants in the second case were N. F. Nelson and Leonard Tufty, copartners doing business as Nelson & Tufty.   The five notes on which recovery was sought therein were each dated March 15, 1928, and matured from August 1, 1928, to November 1, 1928.   The defendant in the third case was N. F. Nelson, maker of two notes, one due October 1, the other December 1, 1928.

The first answers of the defendants admitted the execution of the various notes and alleged payment.   Later, defendant Nelson served and filed amended answers alleging additional facts by way of counterclaim.   Demurrer to these counterclaims having been sustained, defendant Nelson served and filed second amended answers and counterclaims.   In these answers, he alleged that, some time prior to the execution of the several notes, he was engaged in the sale of farm machinery purchased from the plaintiff, and that, in the month of July, 1928, the plaintiff without his knowledge, converted to its own use by force all the stock of goods, consisting of farm machinery belonging to him, and took said machinery valued

at more than $5,000, and claims to have given credit on said promissory notes, but that in truth and in fact no such credit has been given; and that by reason of such conversion the notes in suit have been fully paid. As a further defense defendant then alleged further facts by way of counterclaim. To this alleged counterclaim— for the three were identical—appellant demurred on the ground that the facts therein were insufficient to constitute a counterclaim. These demurrers were overruled, and from the orders overruling said demurrers this appeal has been taken.

In the allegations denominated "counterclaims," defendant Nelson alleges that for some time prior to the giving of the note in suit Leonard and Herbert Tufty were engaged in the business of selling farm machinery at Nunda, S. D.; that, about February 23, 1928, upon plaintiff's promise that it would supervise the business, defendant Nelson was induced to enter into an agreement with Leonard Tufty whereby Nelson became responsible for selling said farm machinery and assumed the obligations theretofore incurred by Tufty Bros. to plaintiff; that in July, 1928, plaintiff, without the knowledge or consent of the defendant Nelson, converted to its own use all of said machinery and stock of goods belonging to the defendant Nelson, and thereby destroyed every opportunity on the part of the defendant Nelson to make any profits and destroyed the business of the defendant Nelson; that defendant Nelson was also engaged in the elevator business at the town of Nunda and had established a reasonable line of credit and a good honest business reputation; and that, by reason of the acts of plaintiff in destroying defendant's business and destroying his opportunity for profit, the reputation of the defendant and his credit and standing at Nunda, S. D., were wholly destroyed, to defendant's damage in the sum of $15,000.

The allegations by way of counterclaim in defendants' first amended answers stopped at this point. In his second amended answers, he supplemented the foregoing with the following:

"That this matter of counterclaims grows out of the transactions upon which plaintiff seeks to recover in this action, in the manner following; that the notes and obligations upon which plaintiff seeks to recover in this action are notes and obligations given by this defendant in connection with the agreement and arrangement wherein this defendant assumed the various obligations of the

partnership of Tufty Brothers and became personally responsible therefor, and wherein and whereby this defendant became the sole owner of the farm machinery, equipment and repairs and supplies that were located at Nunda; and all of which farm machinery, repairs, supplies, etc., had been heretofore purchased from the plaintiff herein, and the obligations in relation to such purchase having been assumed by this defendant. That all the repair parts had been fully paid for and were all located at Nunda, South Dakota; that the plaintiff as hereinbefore stated * * * and without the knowledge or consent of this defendant, entered into defendant's place of business at Nunda, South Dakota, and willfully and without authority, took said machinery and repair parts which were the property of this defendant, for the purpose of applying the value of such repair parts and machinery upon the very obligations upon which suit is predicated in this case; that such acts on the part of the plaintiff were willfull and malicious and without the consent of this defendant, and without any authority whatsoever, and were done for the purpose of destroying the credit and business of this defendant, * * * and that the plaintiff did not in truth and in fact make application of the real and true value of the articles and repair parts so converted upon the obligations upon which suit is brought in this action, but sought to credit only a small part of the true value thereof, and that by reason of these facts, as herein set forth, the matters of this counterclaim all grew out of, and were connected with and a part of the general transaction out of which the obligations arose upon which plaintiff is seeking to recover in this action. Therefore the defendant prays judgment that plaintiff's complaint be dismissed with costs and that the defendant have judgment upon his counterclaim in the sum of $15,000.00, and for the costs and disbursements of this action."

█ If the foregoing alleges a cause of action in tort—and respondent does not contend otherwise—then the demurrer thereto should have been sustained unless that cause of action conforms to section 2354, subd. 1, Rev. Code 1919. Assuming that a cause of action is sufficiently alleged in respondent's counterclaim, does that cause of action arise out of the contract or transaction set forth in appellant's complaint, or is it connected with the subject of the action therein alleged, as required by section 2354, subd. 1? In the counterclaim, defendant reiterates the statement that this matter of

counterclaim grows out of the transactions upon which plaintiff seeks to recover in this action. This, however, is defendant's conclusion, and the question presented is to be decided upon the facts properly pleaded rather than upon defendant's conclusions.

It must be admitted that the opinion in Advance Thresher Co. v. Klein, 28 S. D. 177, 133 N. W. 51, 53, L. R. A. 1916C, 514, following McHard v. Williams, 8 S. D. 381, 66 N. W. 930, 931, 59 Am. St. Rep. 766, and Northwestern Port Huron Co. v. Iverson, 22 S. D. 314, 117 N. W. 372, 133 Am. St. Rep. 920, furnishes considerable support to respondent's contention. But it was upon allegations in a counterclaim far from identical with the foregoing that the court said:

"The matters set out in the complaint and the matters set out in the counterclaim are intimately and closely connected, and have their origin in the same transaction. The said acts of said servant and agent of plaintiff, which constitute the negligence complained of in the counterclaim, were performed under and by virtue of the contract of sale which furnished the basis for the consideration of the notes sued upon."

In McHard v. Williams, supra, the court said:

"One of the more important purposes of the adoption of the code system of pleading, was to avoid as far as possible a multiplicity of suits, and to enable parties to determine their differences in one action. And to this end counterclaims were designed, not only to include recoupment and set-offs at common law, but to enlarge their scope, so that but few cases could arise in which all litigation between the parties to the action might not be settled in the same suit."

Also in Laney v. Ingalls, 5 S. D. 183, 186, 58 N. W. 572, followed in Driver v. Gillette, 43 S. D. 62, 177 N. W. 815, it was held that the promissory notes given were merely evidence of debt and that defendants were entitled to make the same defense or counterclaim as if the original contract, of which the promissory notes were the evidence, had been sued upon. In the Laney Case it was held that:

"As between the original parties, or those who stand in their place, it would be repulsive to our practice * * * to hold that a person sued on a promissory note given for the purchase price of personal property could not defend on the ground that there was a

failure of consideration or a breach of warranty as to the quality of such property, which, if proved, would partially or entirely defeat plaintiff's recovery."

■ But the case at bar presents facts different from those presented in the Laney Case, the McHard Case, the Port Huron Case, or the Advance Thresher Co. Case. The court expressly referred to the two last-named cases when, in Tuthill v. Sherman, 32 S. D. 103, 142 N. W. 257, 259, it said:

"In this state causes of action sounding in tort, *and not connected with the subject of plaintiff's cause of action,* are not pleadable as counterclaims at all."

■ In support of this it cited, among other authorities, Sutherland, Code Pl. §§ 630-638. At section 634, p. 380, the learned author says: "The connection of the cause of action asserted in the counterclaim and the subject of the action must be immediate and direct and such as may be assumed to have been contemplated by the parties in their dealings with each other." Among the citations in support of the text is Braithwaite v. Aikin, 3 N. D. 365, 56 N. W. 133, a case not unlike the case at bar.

■ In the case at bar defendant is sued on promissory notes. By way of counterclaim, he asks damages on account of alleged destruction of his business reputation and credit. He states in his pleading that his cause of counterclaim is connected with plaintiff's cause of action. He attempts—not without some appearance of success—to show this connection by allegation of facts. Assuming that the destruction of defendant's line of credit and business reputation are sufficiently alleged as flowing from plaintiff's conversion of defendant's property, that cause of action is not so connected with the subject of plaintiff's action as to make it a proper counterclaim thereto. Tuthill v. Sherman, supra; Sutherland Code Pl. § 634, p. 380; Braithwaite v. Aikin, supra. The demurrers should have been sustained. The orders appealed from are reversed.

BROWN, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.