LONGPRE, Respondent, v. SCHMELE, et al, Appellants.

(264 N. W. 201.)

(File No. 7831. Opinion filed December 31, 1935.)

*Dan McCutchen,* of Belle Fourche, and *Francis J. Parker,* of Deadwood, for Appellants.

*Hayes & Hayes,* of Deadwood, and *C. P. Seward,* of Belle Fourche, for Respondent.

RUDOLPH, J.   Plaintiff brought this action against the defendants to recover damages because of an alleged assault.   In the complaint, plaintiff alleges that the defendants, acting together, assaulted the plaintiff, then bound his feet with a rope, tied the rope to the tail of a horse and caused the plaintiff in this position to be dragged at a high rate of speed across rough and broken ground, rocks, and cactus to the great injury of the plaintiff.   The answer first denied the allegations set forth in the complaint, then alleged that the plaintiff and the defendants did have trouble over a certain dam which was located on the land of these defendants; that the plaintiff insisted on watering his cattle at the dam against the protests of these defendants; that on a certain date these defendants were on the premises at the dam when the plaintiff came to the dam heavily armed and an altercation arose whereupon the plaintiff assaulted one of the defendants and a scuffle ensued, which is the identical transaction referred to in plaintiff's complaint, and which resulted in no real injury to the plaintiff. Then by way of counterclaim the defendants allege that the scuffle, above referred to, arose over repeated trespasses by plaintiff upon the lands of the defendants, which trespasses were for the purpose of using the water impounded by the dam; that the plaintiff, some days

prior to the scuffle above referred to, came upon the lands of the defendants and willfully and maliciously cut a trench through the dam and thereby let out some three thousand barrels of water. The counterclaim seeks to recover from the plaintiff damages suffered on account of the loss of this water. The trial court sustained the demurrer to the counterclaim, and this is an appeal from the order sustaining the demurrer.

The appellant takes the position that the counterclaim comes within the meaning of subdivision 1 of section 2354, which provides that a counterclaim might be pleaded when it is "a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action." This particular provision of our Code has been before this court on numerous occasions. See, Laney v. Ingalls, 5. S. D. 183, 58 N. W. 572; McHard v. Williams, 8 S. D. 381, 66 N. W. 930, 59 Am. St. Rep. 766; National Bank of Commerce v. Feeney, 9 S. D. 550, 70 N. W. 874, 46 L. R. A. 732; Minneapolis Threshing Machine Co. v. Darnall, 13 S. D. 279, 83 N. W. 266; Northwestern Port Huron Co. v. Iverson, 22 S. D. 314, 117 N. W. 372, 133 Am. St. Rep. 920; Advance Thresher Co. v. Klein, 28 S. D. 177, 133 N. W. 51, 52, L. R. A. 1916C, 514; Tuthill v. Sherman, 32 S. D. 103, 142 N. W. 257; Hoeven v. Morley, 36 S.D. 421, 155 N. W. 191; Driver v. Gillette, 43 S. D. 62, 177 N. W. 815; Slate v. Eastman, 46 S. D. 166, 191 N. W. 450; Robinson v. Nelson, 55 S. D. 326, 226 N. W. 341; International Harvester Co. v. Nelson, 57 S. D. 274, 231 N. W. 938; Hobbs v. Whitelock, 57 S. D. 198, 231 N. W. 904; State v. Parker, 59 S. D. 500, 241 N. W. 318. After a careful reading of the above cases, we conclude that the remark of the Appellate Division of the New York Supreme Court made with reference to the New York cases decided under a similar statute is equally applicable to the decisions of this court construing the above section of our Code. The New York court said in the case of Adams v. Schwartz, 137 App. Div. 230, 122 N. Y. S. 41, 45: "This statutory provision of law regulating practice, which has been in force more than 60 years, has frequently been the subject of judicial construction. Thus far, however, no rule has been laid down in its construction by which it can readily be decided in all cases whether or not a given counterclaim is properly interposed."

█ Two of the above cases construing this statute should have our consideration at this time. These are the cases of Hoeven v. Morley, supra, and Slate v. Eastman, supra. These cases are cited in Pomeroy's Code Remedies (5th Ed.) page 1069, note, as holding that a cause of action based upon a tort can never be pleaded as a counterclaim in an action based on contract. That these two cases do so hold there cannot be much question, and to that extent the two cases are overruled. As stated in the case of International Harvester Co. v. Nelson, supra, the test under the statute is whether or not the facts alleged in the counterclaim arise out of the contract or transaction set forth in the complaint, or are connected with the subject of the action. If the facts alleged in the counterclaim do arise out of the contract or transaction set forth in the complaint, or if they are connected with the subject of the action, it is immaterial under the statute, whether such facts state a cause of action based upon contract or upon a tort, and it has been so held by this court on several occasions. See Driver v. Gillette, supra; Advance Thresher Co. v. Klein, supra; McHard v. Williams, supra, and Northwestern Port Huron Co. v. Iverson, supra.

██ It is appellants' contention that the facts alleged in the counterclaim are sufficiently "connected with the subject of the action" to make the counterclaim proper. Appellants insist that the facts pleaded in the counterclaim show that the assault of which plaintiff complains was the result of the plaintiff's acts in mutilating the dam on the defendants' premises, and that it, therefore, follows that the mutilation of this dam and the resulting damage to the defendants are connected sufficiently with the subject of the action of plaintiff's complaint to bring the counterclaim within the meaning of the statute. Plaintiff finds support for his claim in the cases of Mulcahy v. Duggan, 67 Mont. 9, 214 P. 1106, and the language used by this court in the case of Advance Thresher Co. v. Klein, supra. The Klein Case, to say the least, was an extreme case, and we are satisfied that it does not govern the situation here presented. In that case this court said: "But some connection between the claims themselves, independent of their being held by the parties to the action, is required, which may be shown from their originating in the same contract, or transaction, or both,

involving some right or interest in the subject of the action." Just what is meant by "subject of the action" as used in the statute has found no agreement in judicial opinions. Pomeroy's Code Remedies' (5th Ed.) § 651. As applied to the facts here presented, it appears to us that the subject of plaintiff's action must be such as defined in the text just referred to as that "principal primary right" for which the action is brought to enforce or maintain, and that right as we see it is the right of the plaintiff not to be unjustifiably assaulted by the defendants. There is no contention that the alleged assault upon the plaintiff was justified by reason of plaintiff's acts in mutilating the dam, and that such alleged assault was not justified by reason of such acts is clear from a reading of section 4079, R. C. 1919. The only connection, therefore, between the facts alleged as a counterclaim and the subject of the action, is that it could be said that the infringement of plaintiff's right was in retaliation of plaintiff's acts in cutting the dam. We do not believe this to be a sufficient connection. We appreciate that the Montana case, above cited and relied upon by appellants, appears to hold to the contrary. In that case it was held that a counterclaim for a libel published by plaintiff could properly be pleaded to an action based upon an assault which was a result of the libel published by the plaintiff. However, as opposed to the Montana case, see the following cases: Barr v. Post, 56 Neb. 698, 77 N. W. 123; Stolze v. Torrison, 118 Wis. 315, 95 N. W. 114; Earl v. Times-Mirror Co., 185 Cal. 165, 196 P. 57; Skluzacek v. Wilby (Minn.) 263 N. W. 95.

It appears to us that, so far as this case is concerned, the two torts, the one the assault, the other the mutilation of the dam several days prior to the assault, are entirely separate. While it might be said that the assault was in retaliation of the acts of the plaintiff, this, in our opinion, is not a sufficient connection with the subject of the action to make it a proper counterclaim within the meaning of the statute. To hold the counterclaim proper in this case would seem to us to go beyond the legitimate scope of the statute and be opposed to the construction placed upon similar statutes by the great majority of the courts. In this connection; see the cases cited in Pomeroy's Code Remedies (5th Ed.) § 666, in support of the general statement that "counterclaims of damages

from torts, when attempted to be enforced against causes of action for damages also arising from other torts, have, with few exceptions, been rejected."

The order appealed from is affirmed.

WARREN, P. J., and POLLEY and ROBERTS, JJ., concur.

CAMPBELL, J. (concurring specially). Statutes similar to our own relating to joinder of causes of action and interposition of counterclaims have given rise to multitudinous decisions which are in a state of irreconcilable confusion in other courts as well as our own. Differing judicial definitions of the word "transaction" and of the phrase "subject of the action" may be found almost without limit. For a most interesting and capable treatment of the topic, citing and discussing a vast number of cases, see two articles by Professor Wheaton in 18 Cornell Law Quarterly, p. 20, p. 232, under the title, "A Study of the Statutes which Contain the Term 'Subject of the Action' and which Relate to Joinder of Actions and Plaintiffs and to Counterclaims." In the instant case, I do not believe that the cause of action set forth in the counterclaim of appellants should be held, upon a proper interpretation of our statute, to be a cause of action "arising out of the * * * transaction set forth in the complaint as the foundation of the plaintiff's claim. * * *" Neither do I believe it should be held to be a cause of action "connected with the subject of the action" as instituted by respondent.

I concur, therefore, in the view that the order appealed from should be affirmed.