THE FIRST CITIZENS NATIONAL BANK OF WATER-
TOWN, Appellant, v. REILLY, Respondent
(SKINNER, Intervenor).

(252 N. W. 40.)

(File No. 7495. Opinion filed January 11, 1934.)

*Case & Case,* of Watertown, for Appellant.
*C. R. Jorgenson,* of Watertown, for Respondent.

CAMPBELL, J. James A. Skinner, who had been in the
general trucking business at Watertown, S. D., for many years,
in 1929 mortgaged two trucks to plaintiff bank to secure an indebt-
edness of approximately a thousand dollars. In April, 1930, James
A. Skinner was adjudged insane and committed to the asylum at
Yankton, S. D., whence he was discharged in August, 1930. At

the time of his committment to Yankton there was still due on the chattel mortgage in question and indebtedness thereby secured approximately $550. When James A. Skinner was thus taken away from the active conduct of his business affairs, the business was attempted to be carried on and conducted, to some extent, at least, by his son, Steven Skinner, and by two employees, one Jankord and one Nichols. An attempt was made to transfer certain assets of James A. Skinner (including the two trucks in question which were then subject to the bank's mortgage) to Jankord and Nichols upon conditional sale; the son Steven Skinner purporting, and apparently without any authority, to represent his father as vendor, and the transaction being consented to by plaintiff bank. To what extent the bank actually participated in the transaction or procured the same and brought it about is in dispute. When James A. Skinner was released from the asylum, returned to Watertown, and discovered the situation, he elected to treat the title to the property as passed pursuant to the attempted transfer, and instituted an action against plaintiff bank and Jankord and Nichols as joint defendants for wrongful conversion of his property. In the court below he prevailed against Jankord and Nichols, but a verdict was directed in favor of plaintiff bank. From so much of the judgment as determined that plaintiff bank was not liable in conversion, James A. Skinner appealed to this court, and, a majority of the judges being of the opinion that there was a jury question as to whether or not the bank was a converter, that portion of the judgment was reversed. The opinion is found under the title Skinner v. First National Bank & Trust Co., 61 S. D. 481, 249 N. W. 821, where the facts are quite fully set forth.

Pending that appeal, James A. Skinner, of course, had a valid judgment for damages for conversion against Jankord and Nichols. He procured an execution to be issued thereon, and, by virtue of such execution, caused the sheriff of Codington county to levy upon the two trucks in question, being the identical trucks originally mortgaged by James A. Skinner to the bank and a part of the property attempted to be transferred by Steven Skinner to Jankord and Nichols. The levy having been made by the sheriff, the bank demanded possession of the trucks for the purpose of foreclosing its mortgage lien, which demand being refused, the bank instituted the present proceed-

ing in claim, and delivery to obtain possession of the trucks for the purpose of foreclosing its mortgage lien. James A. Skinner was permitted to intervene in the action, and the substantial question between the parties is whether, under the circumstances revealed by the record, the bank was entitled to possession of the trucks for purposes of foreclosure. The bank received some, if not all, of the payments made by Jankord and Nichols under the conditional sales contract whereby they attempted to purchase the James A. Skinner property. But, after the application of all payments made on the James A. Skinner note, either by James A. Skinner or by Jankord and Nichols, a balance remained of approximately $182. Verdict and judgment below were in favor of intervener, James A. Skinner, and plaintiff bank has appealed.

The essence of the controversy is whether or not appellant bank had a foreclosable lien upon the trucks in question at the time the intervener, James A. Skinner, caused the sheriff to levy thereon by virtue of execution upon the damage judgment in favor of Skinner and against Jankord and Nichols; it being the contention of intervener, Skinner, that appellant bank had lost its mortgage lien on said trucks.

When we come to speak of losing or waiving the lien of a chattel mortgage, a very great deal depends upon the situation involved, the various rights affected, and the viewpoint from which the matter is regarded.

Assuming the invalidity of the attempted transfer of these trucks and other property of James A. Skinner to Jankord and Nichols while Skinner was in the asylum, whether the bank was a converter in that regard, and, if so, whether the bank lost its mortgage lien as against James A. Skinner in his capacity of mortgagor and owner of the property, and whether in such event the bank being still the owner of the mortgage debt due from Skinner could counterclaim therefor in an action instituted by Skinner for conversion (cf. Northwestern Port Huron Co. v. Iverson [1908] 22 S. D. 314, 117 N. W. 372, 133 Am. St. Rep. 920), are questions which are nowise material to the decision of this cause. The intervener, Skinner, is not in this case in his capacity as mortgagor, or owner, or claimant of the trucks in question. When Skinner elected to proceed against Jankord and Nichols for conversion, he, in substance, ratified and assented to the attempted

transfer of legal title to Jankord and Nichols, and, when he levied upon the trucks in question by virtue of his execution, he levied upon them as the property of Jankord and Nichols, and he does not stand any differently in respect to the two trucks in question than would any other judgment creditor of Jankord and Nichols who had levied thereon. A levying general judgment creditor must take the property of his debtor as he finds it. If appellant bank had a lien upon these trucks in the hands of Jankord and Nichols, good as against them, then such lien is superior to the levy of an execution by James A. Skinner or any other general judgment creditor. We must return, therefore, to the situation at the time of the attempted transfer to Jankord and Nichols. It is, of course, the general rule that, where a mortgagee consents to a sale of the mortgaged property by the mortgagor, the mortgagee cannot thereafter enforce a lien upon the property against the purchaser thereof. That is not to say, however, that the circumstances can never be such that the purchaser takes subject to the mortgage lien. In the instant case, Jankord and Nichols were fully advised, not only through constructive notice, but actually, that appellant bank had this mortgage on the trucks. They knew that the bank was unwilling to waive or release its mortgage lien and that it would not discharge the same of record until the conditional sales payments which Jankord and Nichols might make should have amounted to enough to discharge the mortgage debt. Jankord and Nichols knew that one of the very objects of the transfer to them was that such payments as they might make might be applied upon the mortgage lien. They were willing to purchase, or attempt to purchase, upon that basis. So far as they are concerned, the intention of appellant bank to maintain its mortgage lien and their assent thereto are very clear, and certainly Jankord and Nichols cannot claim (and in fact are not claiming) any equity whereby, so far as they are concerned, it must be held that appellant bank lost its lien on the trucks in question despite the expressed intention to maintain the same. We think appellant bank (irrespective of any question of its liability to James A. Skinner for conversion) had a valid lien upon the trucks in question in the hands of Jankord and Nichols for the unpaid balance upon the original mortgage indebtedness. James A. Skinner, having elected to treat the trucks as the property of Jankord and

Nichols, had no right therein superior to, or different from, that of any other judgment creditor. We think that appellant bank was entitled to possession of the trucks in question for the purposes of foreclosure at the time of the institution of this action. It appears from the record in this case that, when the action was instituted, appellant bank put up proper undertaking and secured possession of the property, and that the same was not rebonded, but that the bank in fact proceeded to foreclosure sale, which we think it had a right to do. Appellant bank moved for directed verdict at the close of all the testimony, and, after verdict and before judgment, moved for judgment n. o. v. One or the other of those motions should have been granted.

The judgment and order appealed from are therefore reversed, and the cause remanded with directions to enter judgment in favor of the bank as prayed for in the complaint.

Appellant may tax costs on this appeal against the intervener and respondent, Skinner only.

All the Judges concur.