ÆTNA LIFE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Respondent, *v.* NATIONAL DRY DOCK & REPAIR CO., INC., Appellant.

First Department, November 7, 1930.

*James D. Brown* of counsel [*Frank J. McConnell* with him on the brief; *Purrington & McConnell*, attorneys], for the appellant.

*George Knopp* of counsel [*James B. McNally* with him on the brief; *Leo C. Kelly*, attorney], for the respondent.

FINCH, J. From an order granting summary judgment to the plaintiff and severing the action so that a trial alone may be had of defendant's counterclaim, defendant appeals.

The question involved is whether a plaintiff may be granted a summary judgment notwithstanding a counterclaim by the defendant for a larger sum, with the proviso that any amount collected by the plaintiff upon said judgment shall be held subject to any judgment obtained by the defendant upon its counterclaim. Such partial judgment may not be so recovered. This leads to a reversal of the order appealed from.

Plaintiff sues for insurance premiums in two causes of action, one on a workmen's compensation policy, and the other on a public liability policy. Defendant counterclaims in a larger sum. The court awarded judgment for plaintiff, but directed that the plaintiff

should hold the sum so collected subject to any judgment which might be awarded to the defendant upon its counterclaim, and severed the action, so that the issues arising upon the counterclaim might be the sole issues to be tried. This may not be done, not only because of practical difficulties involved whereby the sum so collected by the plaintiff might not be available to satisfy the judgment, if any, recovered by the defendant, but more important because the right to counterclaim is a substantial right, entitled to the full protection of the court. Where such a counterclaim has been set up, no summary judgment may be granted, as was held in *Dairymen's League Co-operative Assn., Inc., v. Egli* (228 App. Div. 164); *Reliable Loan & Investment Co.* v. *Delgus Co., Inc.* (223 id. 94), and *Dietz* v. *Glynne* (221 id. 329).

It follows that the order granting plaintiff's motion for partial summary judgment, and the judgment entered thereon, should be reversed, with costs, and the motion denied, with ten dollars costs. The order denying defendant's cross-motion to dismiss the complaint should be affirmed.

Dowling, P. J., Merrell, McAvoy and Sherman, JJ., concur.

Order granting plaintiff's motion for partial summary judgment, and the judgment entered thereon, reversed, with costs, and motion denied, with ten dollars costs. Order denying defendant's cross-motion to dismiss complaint affirmed.