BANK OF UNITED STATES, Plaintiff, *v.* ———— SLIFKA, Defendant.

Supreme Court, New York County, May 9, 1933.

*Carl J. Austrian* [*Warren C. Fielding, Richard F. Weeks* and *Herman Friedman* of counsel], for the plaintiff.

*Sol Ullman,* for the defendant.

SCHMUCK, J. Motion denied. Disregarding the preliminary objections that rule 105 of the Rules of Civil Practice requires a motion made under rule 104 of the Rules of Civil Practice to be made within twenty days from the service of the pleading, and attending solely to the merits of the application, it appears that disapproval of the motion must be had. The denials and defenses reject the material allegations of the complaint and set up conditional execution, indorsement and delivery of the notes. These are triable issues which forbid summary judgment. (*Niblock* v. *Sprague,* 200 N. Y. 390.) The admission of conditional execution and delivery does not vitiate the denials and is not subject to the objection of negative pregnant. A plea of the character now under investigation raises a question of fact requiring a trial. The nature of the transaction in which the notes sued upon were given as asserted in the defenses lends emphasis to the validity of these pleas, for if given solely upon the security of the stock of the plaintiff no enforcement of the notes can be had. (Banking Law, § 108, subd. 6.) This question was considered by this court in *Bank of United States* v. *Rosenfeld* (N. Y. L. J. July 30, 1931; affd., 234 App. Div. 853), and the opinion there expressed is reiterated and applied herein. Again, the presence of the counterclaim predicating a good and substantial cause justifying a trial is an insuperable objection to summary judgment. (*Ætna Life Ins. Co.* v. *National Dry Dock & Repair Co.,* 230 App. Div. 486.) Order signed.