## SEAGRAM–DISTILLERS CORPORATION v. MANOS.
### No. 2672.

District Court, W. D. South Carolina.
Nov. 14, 1938.

Stephen Nettles, of Greenville, S. C., for plaintiff.

Price & Poag and W. C. Cothran, all of Greenville, S. C., for defendant.

WYCHE, District Judge.

This matter comes before me on plaintiff's motion for judgment under rule 56 (a) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c.

Plaintiff commenced this action in September, 1927, to recover the purchase price of two carloads of liquor sold defendant in May and June, 1937. By his answer defendant admitted his indebtedness in the amount stated, but set up two counterclaims. In his first counterclaim defendant alleged that he had an oral contract as plaintiff's distributor at Greenville, South Carolina, on an annual basis; that plaintiff had agreed to sell him its brands of whiskies at the same price it sold to its other distributors; and that it had overcharged him in the sum of Seven Thousand Dollars ($7,000). In his second counterclaim defendant alleged that plaintiff wrongfully took the distributor representation from him in June, 1937, to his damage in the sum of Twenty Thousand Dollars ($20,000). To the first counterclaim plaintiff plead a general denial and the statute of frauds, and to the second counterclaim the same defenses and certain alleged breaches of his distributor's contract by defendant.

Upon call of the case for trial at Greenville at April Term, 1938, counsel for defendant moved for a continuance beyond the term on the ground that defendant was suffering from high blood pressure, and it might endanger his life to attend and testify at the trial. The motion was granted and the case continued until the May Term at Anderson. At that time the same motion was made in behalf of defendant and on the same ground. Counsel for plaintiff resisted the motion, and further urged that if it were granted, it ought to be on terms which afforded adequate protection to plaintiff, and that such protection could best be afforded by giving plaintiff judgment on its claim, which was admitted by the defendant. After considerable argument, at my suggestion, the parties finally agreed to an order providing, "that the

case be and it is hereby continued to the October Term at Greenville, at which time it shall be tried regardless of the physical condition of the defendant, but the defendant has leave to take the deposition of J. K. Manos at any time on ten days' notice, same to be used in his behalf at the trial of the case in the event that he is then too ill to attend court."

In agreeing to this order counsel had in mind the fact that the defendant planned to take a trip to Greece during the summer of 1938.

When the civil docket of the October Term was sounded counsel for defendant again moved for a continuance beyond the term. The ground of the motion was that defendant had been prevented from returning for the trial on account of having to undergo an emergency operation for hernia in Athens, Greece. Counsel for plaintiff resisted the motion, and invoked the terms of the above quoted order, and the fact that defendant had failed, against the advice of counsel, to have his deposition taken before he went abroad. The hearing on the motion was adjourned for two weeks, in order to afford counsel for defendant the opportunity to obtain satisfactory evidence of the emergency nature of his operation. In the meantime, however, it developed that the criminal docket would consume the entire October Term, and no civil jury cases could be tried, so that no further hearing was had on the motion, and the case was automatically continued.

Counsel for plaintiff then filed notice of the present motion for judgment on plaintiff's cause of action under the Rules of Civil Procedure for the District Courts of the United States.

Rule 86, 28 U.S.C.A. following section 723c, provides that the Rules of Civil Procedure for the District Courts of the United States shall "govern all proceedings in actions brought after they take effect and also all further proceedings in actions then pending," except in such cases where it "would not be feasible or would work injustice" to apply them.

Rule 42(b) provides that "in furtherance of convenience or to avoid prejudice" the court may order a separate trial of any claim or counterclaim.

Rule 13(i) provides: "If the court orders separate trials as provided in Rule 42(b), judgment on a counterclaim or cross-claim may be rendered when the court has jurisdiction so to do, even if the claims of the opposing party have been dismissed or otherwise disposed of."

Rule 56(a) provides: "A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time, after the pleading in answer thereto has been served, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof."

Obviously these provisions were intended to provide a more adequate and elastic procedure for the protection of the rights of the parties and the prompt dispatch of litigation. Where an action involves a claim and a counterclaim, they may be tried separately and separate judgments entered. As to whether, in such case, there shall be separate trials and separate judgments, rests in the sound discretion of the trial judge, and the determining factors are the doing of justice, the avoidance of prejudice, and the furtherance of convenience.

It follows therefore that the court has the power to grant the plaintiff's motion for judgment at this stage, and the only remaining question is whether, under the circumstances of the case, the power ought to be exercised.

It seems to me that the rule was made to cover just such a case. The defendant admits that he owes the plaintiff the amount sued for, but he does not want to pay it until his counterclaims have been tried. The fact that they have not been tried is not the fault of the plaintiff. It has been on defendant's motions that the case has been continued. It is true that the various motions for continuance have been made on the ground of defendant's illness, but it appears that following the making of the order of continuance above quoted counsel for defendant urged him to have his deposition taken before he went abroad, and there is nothing to show his physical inability to have done so, but he went away without doing so. It seems to me that if he was able to travel to Greece he was able to give his testimony before he left. It is difficult to avoid the conclusion that the defendant has been much more concerned to avoid a judgment against him than to obtain one against plaintiff.

For these reasons I conclude that as matter of justice the plaintiff's motion should be granted and it allowed to take judgment at this time.

There remains the question as to whether there should be a stay of execution pending the trial on the counterclaims. There is no suggestion of the plaintiff's insolvency or inability to respond to any judgment defendant may obtain on his counterclaims. On the other hand, the affidavit of plaintiff's counsel attached to his motion papers justifies the conclusion that the defendant either obtained the two carloads of liquor from plaintiff by fraudulently misrepresenting his financial condition, or that he has been engaged in making way with and concealing his property so that plaintiff may not reach it. Defendant filed no affidavits or other testimony in denial of these allegations in the affidavit of plaintiff's counsel. The issuance of execution will not be stayed, therefore, but the plaintiff will be required to file a surety bond in the sum of One Thousand Dollars ($1,000), conditioned that, in the event the defendant succeeds in the establishment of his counterclaims, or either of them, plaintiff will pay defendant such damage as he may sustain on account of the prior enforcement of the judgment.

A formal order will therefore be entered awarding the plaintiff judgment against the defendant in the sum of Nineteen Thousand, Fifty Eight and 03/100 Dollars ($19,058.03), with interest at six per cent. from June 30, 1937, and costs, and the plaintiff shall have the right to proceed to enforce said judgment according to law upon filing a surety bond in the sum of One Thousand Dollars ($1,000), conditioned as above indicated, and provided that the cause will stand for trial on defendant's counterclaims at February Term at Greenwood.