## BOERNER v. UNITED STATES.
### No. 7580.

District Court, E. D. New York.
Jan. 30, 1939.

C. Joseph Danahy, of Brooklyn, N. Y., for petitioner.

Vine H. Smith, U. S. Atty., of Brooklyn, N. Y. (J. Wolfe Chassen, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

MOSCOWITZ, District Judge.

This is a motion for summary judgment under Rule 56 of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c.

The petitioner bases his claim on Section 724 of Title 5 of the United States Code Annotated. Subdivision (20) of Section 41 of Title 28 of the United States Code Annotated authorizes the commencement of this action.

The petitioner was formerly employed as a chauffeur-carrier by the United States Post Office at Long Island City, New York. He claims that he was separated from the service on or about May 11, 1935 before he became eligible for retirement on an annuity. He further claims that while employed there was deducted from his salary pursuant to Section 722 of Title 5 of the United States Code Annotated, by the Civil Service Commission of the United States of America, the sum of $720.35 which was held to the credit of his account by the Civil Service Commission. He is now seeking the recovery of this sum.

The defense interposed by the United States of America, respondent herein, is that the petitioner is indebted to the United States of America in a sum greater than $720.35 and that said indebtedness arose by reason of losses of articles entrusted to petitioner for delivery in the course of his duties as chauffeur-carrier, which losses were occasioned by thefts perpetrated by petitioner. For such losses on C.O.D. and insured articles the Government has prior to the petitioner's separation from the service, paid the sum of $722.35. The sum of $720.35 has been paid to the Treasurer of the United States at the request of the United States Post Office Department pursuant to a decision rendered by the Comptroller General of the United States which was to the effect that the indebtedness of the petitioner to the United States amounted to $746.42. The petitioner has been credited with the sum of $720.35, the amount standing to his credit.

It is the Government's claim that evidence will be introduced at the trial from the records of the Post Office Department showing that 152 pieces of mail having a total value of $1,761.71 are chargeable to the thefts or other culpable conduct on the part of the petitioner. It further appears that on April 30, 1935, the petitioner was indicted for violation of Title 18 of the United States Code Annotated, Sections 313 and 318, for embezzling parcel post packages. Upon the trial the petitioner withdrew his plea of not guilty and plead guilty to Count 3 of the indictment. On November 27, 1935, he was sentenced by this Court to be imprisoned for one year and one day on Count 3, Counts 1 and 2 of the indictment having been dismissed.

[1-3] Rule 56 under which this motion for summary judgment is made does not restrict this motion to any particular type of action, but permits this motion in any and all actions. If there is an issue of fact to be tried, a motion for summary judgment cannot be granted. Subdivision (e) of Rule 56 provides that both the supporting and opposing affidavits on a motion for summary judgment shall be made on personal knowledge of the affiant and shall set forth facts that would be admissible in evidence. Any hear-say contained in affidavits should be disregarded by the Court. The facts in this case are in dispute, therefore the case cannot be tried upon affidavits as that would be the result if a motion were granted for summary judgment. These issues of fact must await the trial of the action.

Motion for summary judgment is denied.

Settle order on notice.