## PARMELEE v. CHICAGO EYE SHIELD CO.

### No. 13387.

Circuit Court of Appeals, Eighth Circuit.

Oct. 28, 1946.

---

Alpha N. Brown, of Kansas City, Mo., for appellant.

Albert Thomson, of Kansas City, Mo. (Paul R. Stinson, of Kansas City, Mo., Winston, Strawn & Shaw, of Chicago, Ill., and Stinson, Mag, Thomson, McEvers & Fizzell, of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, WOODROUGH, and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from a judgment entered on motion of the plaintiff for summary judgment. The parties will be referred to as they were designated in the trial court. The plaintiff sued the defendant on an account for goods sold and delivered between February 1, 1945, and October 1, 1945. The balance alleged to be due was $6,639.10. Defendant answered, admitting that plaintiff had sold and delivered to it goods of the value of $6625.50, and that the items attached to plaintiff's complaint were correct except for an admitted credit of $13.61. It further alleged that:

"Defendant denies that defendant is indebted to the plaintiff in any amount whatsoever and alleges and avers that by reason of the claims hereinafter set forth and alleged the defendant is entitled to have and recover of the plaintiff an amount far in excess of the plaintiff's demand; and that by reason of the matters and things hereinafter set forth defendant is not indebted to plaintiff and that by reason of the following matters, defendant's cross-claims and counter-claims should be set off against any amount claimed to be due plaintiff and the plaintiff is not entitled to recover judgment against defendant for any amount."

Defendant pleaded six counter-claims, the nature of which we shall hereinafter consider.

Plaintiff moved for summary judgment in the amount of $5,109.90, and in its motion recited that:

"This motion is filed under Rule 56 of the Rules of Civil Procedure [28 U.S.C.A. following section 723c] * * * and is based upon the wording of Rule 56, as interpreted in the case of Seagram-Distillers Corporation v. Manos, D.C., 25 F.Supp. 233 * * *."

It also recited that its complaint was filed on October 22, 1945, and that defendant on November 8, 1945, obtained an order enlarging the time for serving answer for a period of thirty days, and that on December 12, 1945, it obtained a further order enlarging the time until December 17, 1945, at which time it served its answer admitting that plaintiff had sold and delivered to defendant goods of the value of $6625.50, for which payment had not been made. It was recited in this motion that defendant in its answer set up as a counter-claim that plaintiff owed defendant the sum of $1515.60 for goods and merchandise sold and delivered by defendant to plaintiff and that plaintiff admits that it purchased said goods and merchandise in the amount of $1515.60. This motion was filed January 2, 1946, and on January 7, 1946, it filed its reply denying liability on any of the counter-claims except the first one. By stipulation and admission on oral argument it was agreed that all items of plaintiff's account represented "purchases made by defendant from plaintiff pursuant to the distributorship agreement and arrangement set forth and described in the second, third, fourth, fifth and sixth counter-claims of defendant on file herein."

On March 25, 1946, the trial court granted plaintiff's motion and entered a judgment in its favor for $5,109.90, being the amount of its claim less the amount claimed by defendant in its first counter-claim. The court ordered that the remaining counter-claims, second to sixth, inclusive, be tried together in a separate trial. The court later entered an order providing that defendant might file a bond in the sum of $6,000, conditioned for the satisfaction of the judgment pending final determination of the remaining counter-claims, in which event the enforcement of the judgment should be stayed. From the judgment as entered defendant prosecutes this appeal, urging error in the entry of the summary judgment.

While plaintiff's motion for summary judgment was based entirely upon Rule 56, the judgment entered is defended as warranted by Rule 54(b), as well as by Rule 56. The summary judgment pro-

cedure prescribed in Rule 56 is designed for the prompt disposition of the action where there is no genuine issue regarding any material facts, thus avoiding a useless trial to prove facts which are not really disputed. Altman v. Curtiss-Wright Corp., 2 Cir., 124 F.2d 177; Miller v. Miller, 74 App.D.C. 216, 122 F.2d 209. The rule contemplates an inquiry in advance of trial as to whether there is a genuine issue and may be invoked for the purpose of striking sham claims and defenses which obstruct a prompt determination of the truth. It can not be so applied as to deprive a litigant of his right to try any genuine issue by jury or otherwise. Whitaker v. Coleman, 5 Cir., 115 F.2d 305. If the pleadings raise a genuine issue of fact, material to the dispute between the parties, a summary judgment should not be entered. Nickelson v. Nestles Milk Products Corp., 5 Cir., 107 F.2d 17.

The proceeding on motion for summary judgment is not to be regarded as a trial, but for the determination of whether or not there is a genuine issue to be tried. On such a motion, if judgment is not rendered on the whole case and issues remain which must be tried, the court should determine what material facts are in issue and what are not, and should specify the facts which appear without substantial controversy and proceed with the trial as to the facts which remain in dispute. At the close of the trial on the disputed facts it should make findings of fact and conclusions of law on the whole case, if the case is a court case as distinguished from a jury case. If the case be a jury case the disputed issues should, of course, be submitted to the jury under proper instructions. On such a motion the burden of proof is on the moving party to establish that there is no genuine issue of fact and all reasonable doubts are resolved against him. Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318.

Plaintiff argues that it was entitled to judgment under Rule 54(b) because defendant in its answer admitted that "the plaintiff has heretofore sold and delivered to the defendant goods of the value of $6625.-50." Defendant did not specifically allege payment but it did allege that it was not indebted to plaintiff in any amount whatever, and alleged that "the defendant is entitled to have and recover of the plaintiff an amount far in excess of the plaintiff's demand." This was based upon six counterclaims pleaded in the answer. As has been observed, the first counterclaim was recognized as pleading a good cause of action and the amount claimed was credited upon and deducted from the amount claimed by plaintiff, judgment being entered for the balance. The second, third, fourth, fifth and sixth counterclaims were recognized by the court as raising substantial issues as it set them down for trial in the future. The second counterclaim was for $328.21 for commissions on sales made by plaintiff in 1944 in the Texas and Louisiana territory of defendant. It appears from the stipulation that defendant's counter-claims arose out of dealings between the parties under a distributorship agreement. Plaintiff's cause of action while for goods sold and delivered was for goods sold and delivered pursuant to this distributorship agreement. The third counter-claim was for $10,000 for the alleged breach of the distributorship agreement. The fourth claim was for $701.00 which defendant sought to recover as an overcharge balance for certain merchandise sold to it This again was under the distributorship agreement. The fifth counter-claim was for $25,000 for a breach of the distributorship agreement whereby plaintiff had agreed to permit defendant to sell certain specified products of plaintiff. Defendant's sixth counter-claim was for $75,000 for an alleged violation by plaintiff of the anti-trust laws. Whether or not this was violative of the distributorship agreement we need not determine.

Rule 54(b) provides as follows:

"When more than one claim for relief is presented in an action, the court at any stage, upon a determination of the issues material to a particular claim and all counterclaims arising out of the transaction or occurrence which is the subject matter of the claim, may enter a judgment disposing of such claim. The judgment shall terminate the action with re-

spect to the claim so disposed of and the action shall proceed as to the remaining claims. In case a separate judgment is so entered, the court by order may stay its enforcement until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered."

Resting on this rule plaintiff contends that the only question is whether the counter-claims alleged by defendant arise "out of the transaction or occurrence which is the subject matter of the claim." Confessedly, if any of the counter-claims second, third, fourth, fifth and sixth, arise out of the transaction or occurrence which is the subject matter of plaintiff's claim judgment should not have been entered under this rule. The stipulation of the parties shows that the plaintiff's claim was for goods sold pursuant to a distributorship agreement between the parties and that the claims set forth in some of defendant's counter-claims were based upon purchases by defendant pursuant to and during the same distributorship agreement. Rule 13, pertaining to counter-claims, provides that:

"(a) A pleading shall state as a counter-claim any claim, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

"(b) A pleading may state as a counter-claim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."

■ The determination of a defendant's demand by counter-claim in plaintiff's action rather than by independent action is favored as serving to avoid circuity of action, inconvenience, expense, consumption of the court's time, and injustice, and the trend of judicial decision is toward a liberal extension of the right to counter-claim. North Chicago Rolling Mill Co. v. St. Louis Ore & Steel Co., 152 U.S. 596,

14 S.Ct. 710, 38 L.Ed. 565. One of the important purposes of the adoption of the code system of pleadings and of the Federal Rules of Procedure was to enable the parties to determine their differences in one action. The counter-claims here represented "the right of the defendant to have the claims of the parties counterbalanced in whole or in part, judgment to be rendered for the excess, if any." Olsen v. McMaken & Pentzien, 139 Neb. 506, 297 N.W. 830, 833. The counter-claims pleaded do not present sham issues, but issues that must be tried, and if they arose out of the transaction or occurrence which is the subject matter of the plaintiff's claim they are a bar to granting plaintiff's motion under Rule 54. Counter-claims have long been permitted under the various state statutes governing pleadings.

In the case of Story & Isham Commercial Co. v. Story, 100 Cal. 30, 34 P. 671, 674, the question involved the construction of a code provision permitting the pleading of counter-claims. The court, in holding that the transaction, within the meaning of the code section, was not limited to the facts set forth in plaintiff's complaint, but included the entire series of acts and mutual conduct of the parties in the business or proceeding between them, among other things said:

"The plaintiff is not at liberty to select an isolated act or fact, which is only one of a series of acts or steps in the entire transaction, and insist upon a judgment on this fact alone, if the fact is so connected with others that it forms only a portion of the transaction. The transaction which was the foundation of the cause of action set forth in the complaint herein is not limited to the facts therein set forth, but includes the entire series of acts and mutual conduct of the parties in the business or proceeding between them which formed the basis of their written agreement."

See, also: North Chicago Rolling Mill Co. v. St. Louis Ore & Steel Co., supra; Prescott Nat. Bank v. Head, 11 Ariz. 213, 90 P. 328, 21 Ann.Cas. 990; Scott v. Waggoner, 48 Mont. 536, 139 P. 454, L.R.A. 1916C 491; McHard v. Williams, 8 S.D. 381, 66 N.W. 930, 59 Am.St.Rep. 766; Ad-

vance Thresher Co. v. Klein, 28 S.D. 177, 133 N.W. 51, L.R.A.1916C 514; Northwestern Port Huron Co. v. Iverson, 22 S.D. 314, 117 N.W. 372, 133 Am.St.Rep. 920; Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750, 45 A.L.R. 1370; Williams v. Robinson, D.C., 1 F.R.D. 211.

In passing it should be observed that this rule refers to plaintiff's cause of action as a "claim." The rule would seem to be limited to cases in which the plaintiff is making more than one claim for relief. Here it is not doing so. In Reeves v. Beardall, 316 U.S. 283, 62 S.Ct. 1085, 1087, 86 L.Ed. 1478, there were three counts or causes of action pleaded in the complaint. Count 1 was based upon a promissory note. Count 2 was based upon a contract between plaintiff and defendant and defendant's decedent, by which the latter agreed not to change her will in consideration for the return to her of certain securities. Count 3 of the complaint contained a claim against a third person who was alleged to hold certain assets of decedent to which plaintiff was entitled by reason of the contract alleged in count 2. A final judgment was entered on count 2 and it was held that this was a final judgment. The court said:

"The claim against respondent on the promissory note was unrelated to the claim on the contract not to change the will. Those two claims arose out of wholly separate and distinct transactions or engagements. * * * After the entry of the judgment on Count II, the claim based on the contract not to change the will was terminated and could not be affected by any action which the Court might take as respects the remaining claims."

In the instant case, as has been observed, there could not be separate actions on different claims, counts or causes of action in plaintiff's complaint because there was but one claim presented. We are of the view that plaintiff was not entitled to judgment under Rule 54(b) regardless of whether the counter-claims arose out of the transaction or occurrence which is the subject matter of plaintiff's claim.

It is insisted by plaintiff that Rule 56 did not require, as a condition precedent to the entry of summary judgment, that all counter-claims arising out of the transaction or occurrence which is the subject matter of the plaintiff's claim must be determined before the entry of such judgment on plaintiff's claim. Rule 56 provides in part as follows:

"(a) For Claimant. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the pleading in answer thereto has been served, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.

"(b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof."

We have already adverted to the general purpose or design of this procedure and to the fact that the counter-claims pleaded raise substantial issues. The procedure is generally considered as a drastic remedy and strict compliance with the provisions of the rule is required. A number of the District Courts have held that the existence of a counter-claim which presents a real issue prevents the granting of motion for summary judgment. Standard Rolling Mills, Inc. v. National Mineral Co., D.C.N.Y., 2 F.R.D. 236; Boerner v. United States, D.C.N.Y., 26 F.Supp. 769. In the instant case, defendant denied that it was indebted to the plaintiff in any amount whatever, and alleged that by reason of the counter-claims defendant was entitled to recover of the plaintiff an amount far in excess of plaintiff's demand. This tendered an issue of fact. Before the adoption of the Federal Rules of Procedure a number of the states had provision for summary judgment, notably New York, Michigan, Illinois and Connecticut. In New York it has been held that where a counter-claim is properly presented a summary judgment on plaintiff's claim may not be granted since the right to counter-claim is a substantial right which is to be protected. Aetna Life Ins. Co. v. National Dry Dock & Repair Co., 230 App.Div. 486, 245

N.Y.S. 365; Bank of United States v. Slifka, 148 Misc. 60, 264 N.Y.S. 204.

The case of Seagram-Distillers Corp. v. Manos, D.C.S.C., 25 F.Supp. 233, is relied upon by plaintiff as sustaining a contrary view. In that case a summary judgment was entered on plaintiff's claim before trial on defendant's counter-claim. Defendant admitted the plaintiff's claim and from the circumstances the court found that defendant was more concerned to avoid a judgment against himself than to obtain one against the plaintiff. In other words, the trial court was convinced that defendant's counter-claim was not interposed in good faith. There is no basis for such a contention in the instant case. It is true that defendant obtained two extensions of time within which to plead, amounting in the aggregate to thirty-five days. These extensions were granted for cause shown. They were not unreasonable, especially in view of the fact that defendant's answer embodied six counter-claims, and there is nothing to indicate that plaintiff was prejudiced thereby.

The judgment appealed from is therefore reversed and the cause remanded to the lower court with directions to vacate the judgment and for further proceedings consistent herewith.