## LURIA STEEL & TRADING CORPORATION v. FORD et al.

### Civ. No. 106–49.

United States District Court
D. Nebraska, Omaha Division.

Nov. 17, 1949.

Edgar J. Schoen, Chicago, Illinois, and Jack W. Marer, Omaha, Nebraska, for plaintiff.

Daniel J. Gross, and Harry L. Welch, of the firm of Gross & Welch, Omaha, Nebraska, for defendants.

DONOHOE, Chief Judge.

Plaintiff, Luria Steel & Trading Corporation, has presented its motion for a partial summary judgment and for an order of direction as to further proceedings pursuant to Rule 56(a) and (d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The matter was argued and briefs were submitted to the court. After due consideration, the court is of the opinion that the motion must be overruled.

The pleadings show a complaint containing two causes of action; one on a promissory note and one on an account stated. The defendants filed an answer denying indebtedness to the plaintiff and a counterclaim for money due under an alleged oral contract. Plaintiff filed a denial of the counterclaim.

In support of its motion, plaintiff has filed affidavits, with exhibits attached; one, by the chief house accounting executive of Erman-Howell Division of the plaintiff corporation; one, by the house auditor of the Erman-Howell Division of the plaintiff corporation; and one, by counsel for the plaintiff corporation. Also, before the court is a deposition, taken by plaintiff, of an accountant of the defendants' organization and of one of the defendants.

Rule 56(a) and (d), Title 28 U.S.C.A., reads as follows:

(a). "A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judg-

ment in his favor upon all or any part thereof."

(d). "If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

The rules providing for summary judgment were enacted to provide for the prompt disposition of actions where there was no genuine issue as to any material fact. The partial summary judgment is merely a determination before the trial that certain issues shall be deemed established in advance of the trial. The procedure was intended to avoid a useless trial of facts and issues over which there was really never any controversy and which would tend to confuse and complicate a law suit. If, however, any dispute remains on any question of fact the motion cannot be granted. This rule is well established and has been stated in this district in the following language: "An examination of Rule 56 and its several sections, and of the decisions delivered in the course of its application leads to the conclusion that a summary judgment should not be granted unless the facts are clear and undisputed; and that if a controversy remains upon any question of fact, judgment should abide a trial of the action upon its merits." Kissick Construction Co. v. Bank of Wahoo, D.C.Neb., 46 F.Supp. 869, 872, and cases cited.

The summary judgment procedure cannot be regarded as a trial of the action but only a determination of whether or not there is a genuine issue to be tried. A full and fair hearing on the evidence cannot be denied to a party to an action, nor can the court decide a case upon the pleadings or affidavits where there is a genuine issue or where the facts as to the absence of a genuine issue are not clear and undisputed. The court can merely determine that an issue does or does not exist, and cannot deprive a party of the right to a jury trial on any genuine issue. In Sartor v. Arkansas Gas Corporation, 321 U.S. 260, 64 S.Ct. 724, 728, 88 L.Ed. 967, the court said: "The Court of Appeals below heretofore has correctly noted that Rule 56 authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial, and that the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try. American Insurance Co. v. Gentile Brothers Co., 5 Cir., 109 F.2d 732; Whitaker v. Coleman, 5 Cir., 115 F.2d 305."

If there is any doubt as to whether or not an issue exists the court may not grant a summary judgment, and the party urging the motion must assume the burden of proving that no genuine issue exists. This is clearly stated by the court in Walling v. Fairmont Creamery, 8 Cir., 139 F.2d 318, 322: "On a motion for a summary judgment the burden of establishing the nonexistence of any genuine issue of fact is upon the moving party, all doubts are resolved against him, and his supporting affidavits and depositions, if any, are carefully scrutinized by the court. The object of the motion is to separate the formal from the substantial issues raised by the pleadings, and the court examines evidence on the motion, not to decide any issue of fact which may be presented, but to discover if any real issue exists."

In the present case defendants have filed a counterclaim alleging that plaintiff owes defendants an amount in excess of that claimed by plaintiff in the complaint. This amount is alleged to be due under an oral contract. The parties to this action had both been engaged in the purchase and resale of scrap iron for some time, and the existence of the alleged oral contract, the amount due defendants under it, if there

were such a contract, along with the questions of profits in the transactions between the parties, are questions to be determined by a jury. The fact situation in Parmelee v. Chicago Eye Shield Co., 8 Cir. 157 F.2d 582, 587, 168 A.L.R. 1130, involved the question of counterclaims and there the court said: "The procedure is generally considered as a drastic remedy and strict compliance with the provisions of the rule is required. A number of the District Courts have held that the existence of a counter-claim which presents a real issue prevents the granting of motion for a summary judgment. Standard Rolling Mills, Inc., v. National Mineral Co., D.C.N.Y., 2 F.R.D. 236; Boerner v. United States, D.C. N.Y., 26 F.Supp. 769. In the instant case, defendant denied that it was indebted to the plaintiff in any amount whatever, and alleged that by reason of the counter-claims defendant was entitled to recover of the plaintiff an amount far in excess of plaintiff's demand. This tendered an issue of fact."

In its brief plaintiff has cited and quoted from the case of Seagram-Distillers Corp. v. Manos, D.C.W.D.S.C., 25 F.Supp. 233, where a counterclaim had been filed and a summary judgment was entered on plaintiff's claim. The case was discussed by the court in Parmelee v. Chicago Eye Shield Co., supra: "Defendant admitted the plaintiff's claim and from the circumstances the court found that defendant was more concerned to avoid a judgment against himself than to obtain one against the plaintiff. In other words, the trial court was convinced that defendant's counter-claim was not interposed in good faith."

There is nothing in the present action to show that the counterclaim filed by the defendants was not filed in good faith. The defendants are entitled to have the issues raised by the counterclaim presented to a jury.

The court does not think that the showing made by plaintiff establishes conclusively there is no issue to try before a jury.

The order of the court will therefore be that the plaintiff's motion for a partial summary judgment is overruled.