**FROSTIDRINK, Inc. v. SUPERVEND CORPORATION et al.**

**Civ. No. 3814.**

United States District Court
N. D. Texas, Dallas Division.

March 11, 1950.

Locke, Locke & Purnell and James J. Laney, Dallas, Texas, Morgan, Finnegan & Durham, New York City, for plaintiff.

Rice, Waitz & Rice, San Antonio, Texas, Saner, Jack & Salinger, Dallas, Texas, Thomas E. Scofield, Kansas City, Mo., for defendants.

ATWELL, Chief Judge.

The plaintiff sues for the infringement of the Bowman patent under which it is assignee, of a soft drink dispensing entity.

The defendants deny infringement and file a cross-action alleging the infringement of a block system of refrigerating the elements of the drink before dispensation to the customer.

The plaintiff moves to dismiss the cross-action, or, to grant separate trials.

Rule 13, Federal Rules of Civil Procedure, in subdivision (b), 28 U.S.C.A., allows a counterclaim which does not arise out of the transaction or occurrence that is the subject matter of the opposing party. The subject matter of the defendant's counterclaim is based upon a patent granted to it after this suit was filed, but upon a part of the same machine which it is charged with infringing, and, likewise, being a part of the plaintiff's machine. In the event the counterclaim is not dismissed, as prayed, the plaintiff asks for a separate trial. The counterclaim need not be dismissed and a separate trial not appearing necessary in order to convenience the parties, or, to avoid prejudice, may be denied. This procedure is provided by subsec. (b) of Rule 42. See Seagram-Distillers Corp. v. Manos, D.C., 25 F.Supp., 233; Texas

Company v. Borne Scrymser Co., 4 Cir., 68 F.2d 104.

The testimony discloses that this procedure, in this case, was eminently wise, non-prejudicial and greatly for the convenience of all the parties.

During the trial, the machine of each party was operated and exhibited, in testimony, to the court. Drinks were drawn from each. The plaintiff's machine showed the deposit of the coin by the customer, the choice of the flavoring of the drink, the change of that flavoring, or, the mixing of the flavoring, the automatic dropping of the cup, the catching by the cup of the drink so mixed or, flavored, the opening of a small window in front of the machine by the customer, and the securing of the drink.

The defendants' machine showed the same features and the same procedure. The defendants' machine was not quite so perfect as the plaintiff's, but it was sufficiently perfect to be unnoticeable to the customer and to constitute infringement.

Each machine is metal, inside and out; of the same shape, and of a light color; about six feet in height, about thirty-two inches deep, and about thirty-six inches wide. Each has a small window in front, through which may be seen the paper cup drop after the coin is deposited, and the drink flow into it. That window is opened by the customer and he secures the drink, as already stated.

■ The plaintiff's machine operates as outlined in the Bowman patent. Claim 9 is easily read and understood and explained by the claim itself, and, by the specifications, and, drawings of the patent, so that its entire fullness and workableness is discovered as is required by Sec. 4888 of the Revised Statutes, 35 U.S.C.A. § 33. Halliburton Oil Well Cementing Co. v. Walker et al., 329 U.S. 1, 67 S.Ct. 6, 91 L.Ed. 3.

The cups in each machine, and the dropping thereof, are controlled by another patent and each, plaintiff and defendant, have a right to use the same. It is the same process. The drawing of the drinks in the eleven cups, in the presence of the court, clearly showed a pre-determined amount of that which the customer gets for his coin. The same capacity paper cups were used in the exhibition of each machine and the cups showed practically the same quantity in each.

There is nothing in the prior art, nor in the patents, that were cited, which excludes this fascinating feature of the plaintiff's machine, where the customer sees what he is going to get, puts his finger on what he wishes and gets the drink mixed, exen if he happens to change his mind, and change the flavor during the operation. Even this mental gymnastic by the buyer shows a satisfactory drink and nothing is lost. The coin does its work. The machine does its work. It is really, to say the least of it—astonishing. Prior art has nothing like it. Nor do the patents cited destroy the conclusion that the spark of genius lighted the way to this astonishing machine. It has been largely advertised and is a commercial success.

In each of the machines, as I have already indicated, there is a unit which may be called the carburetor and cooler, or, refrigerating process. This is a molded unit and it is made by the same concern. Such unit is used legally by each, the plaintiff and the defendants.

■ The defendants base their cross-action on the claim that their assignor was the inventor of this particular unit and that he, rather than the maker, should be protected in such invention. That is the patent which the defendants filed a few days before the trial.

The testimony shows that the defendants' assignor was not the inventor of this unit and is not entitled to the patent, because the testimony shows that another and different person, and, persons, were the discoverers, and, users, and, makers of that unit before the defendants' assignor claims that he discovered it. The unit comprises the placing of the fluids which need to be kept cool, adjacent to such agency as accomplishes that purpose.

■ The claim of the plaintiff against the defendants, for damages growing out of

the infringement, is not sustained by the time of the infringement notice, nor by the testimony.

Bearing in mind the facts as found, and the weight which must be given to them in order to sustain a decree, I find that the plaintiff should have a decree of restraint without damages, and that the defendants should have a decree for neither damages nor restraint, but that the plaintiff should have a decree against any recovery by the defendants.