**NUTRENA MILLS, Inc. v. GREER.**

**No. 1185.**

United States District Court
S. D. Missouri, W. D.

June 24, 1953.

Hogsett, Trippe, Depping, Houts & James, Kansas City, Mo., for plaintiff.

Neale, Newman, Bradshaw, Freeman & Neale, Springfield, Mo., Douglas & Douglas, Bolivar, Mo., for defendant.

REEVES, Chief Judge.

Extensive briefs have been filed by counsel for both the litigants on the motion in the above cause. By his answer the defendant admitted the execution and delivery of the notes sued on in the first and third counts of the complaint.

After the plaintiff had filed a motion for judgment on the pleadings by reason of such admissions, the defendant has sought so to amend his answer as to raise issues for trial on those two counts. The amended answer proposed by the defendant has not been filed although unobjectionable to plaintiff.

Numerous affidavits, however, have been filed by the defendant, each intimating de-

fensive matter. In relation to the defenses to be incorporated in the proposed amended answer, these affidavits have been examined as if setting forth matters to be alleged in the proposed amended answer. By such affidavits it appears that the defendant would seek to defeat or minimize recovery on the first and third counts, by alleging fraud, mistake, etc. In the answer now on file, and which is a live pleading (it would be competent evidence although abandoned) the plaintiff not only admits the execution and delivery of the note sued on in the first count but specifically states that said note was executed in satisfaction of an accord with plaintiff and that such note in the original amount of $70,440.87 was the satisfaction which followed the accord. This is alleged to have occurred on July 23, 1953 (2) and from all the affidavits and the pleadings it is obvious that the amount sued for in the third count was loaned to the defendant and there is no controversy as to said amount. It is proposed by the defendant to minimize and reduce the recovery by averments of fraud and mistake in an amended answer.

■ 1. By paragraph (b) of Rule 9 Federal Rules of Civil Procedure, 28 U.S. C.A., it is there specifically provided that:

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

The affidavits submitted by the defendant do not portend the ability of the defendant to set forth averments or allegations conformable to this provision of the rule.

■ 2. Moreover, the accord and satisfaction as alleged by defendant in reference to the note pleaded in plaintiff's first count precludes him from challenging that note in any way. This is true for the reason that an accord and satisfaction is binding and controlling and wholly extinguishes and discharges and supersedes all original demands and bars or prevents any action or proceeding therein. This accord and satisfaction was reached on July 23, 1952. And, to use the language of the courts, it is fait accompli. It would follow, therefore, that the defendant cannot now

litigate questions involved on that note. See In re Illinois Refrigerator Co., 7 Cir., 73 F.2d 881, loc. cit. 883. Moreover, under the Missouri law, as well as under the common law, Section 401.024 RSMo 1949, V.A. M.S., every negotiable instrument is deemed prima facie to have been issued for a valuable consideration.

■ 3. One of the cases relied on by defendant is that of Parmelee v. Chicago Eye Shield Co., 8 Cir., 157 F.2d 582, 168 A.L.R. 1130. The facts in that case did not form the basis for a summary judgment for the reason, as stated by the Court of Appeals, the several claims arose on a contract between the parties, known as a distributor's contract. The court held that the claims of the plaintiff and defendant were so interlocked that it was not proper to enter a judgment on a motion for a summary judgment. Since the decision of that case the rules have been changed so that Rule 54 Federal Rules of Civil Procedure no longer provides for the staying of the judgment until the entire case has been tried, or, rather, until the remaining issues have been tried. However, the law is such that the court can stay the judgment rendered on the motion for a summary judgment until all of the issues have been disposed of.

Rule 56(d) provides that where a case is not fully adjudicated on motion for a summary judgment the court "shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted."

■ It is unnecessary to make such finding in this case for the reason that the plaintiff does not seek a ruling on the second count of its petition or complaint and all of the issues raised by the defendant can be and will be heard on that count together with the counterclaims interposed by the defendant.

It follows that the motion for a summary judgment should be and will be sustained as to the two counts of the complaint, namely, the first and third count. Counsel for the plaintiff will prepare an appropriate journal entry.