## Miller v. Royer Buick, Inc.

*John J. Krapig, Jr.,* for plaintiffs.

*David E. Lehman, McNees, Wallace & Wurick,* for defendant.

DOWLING, J., April 16, 1971.—Plaintiffs have brought an action in assumpsit against defendant

for breach of contract claiming damages of $4,-662.44, representing the cost of a new automobile which plaintiffs purchased from defendant and which plaintiffs allege was defective in various respects.

Plaintiff, William D. Miller, upon being deposed, admitted that he had traded the vehicle in question, a 1969 Buick, on a 1970 Chevrolet automobile. The deposition indicates that he received an allowance for it of $2,935.10.

Defendant contends that the amount in controversy has thus been established through the pleadings and plaintiff's deposition at less than $3,000 and, accordingly, has moved via a motion for partial summary judgment to have the matter referred to arbitration.

The motion must be granted.

It appears that no matter on what theory of damages one proceeds, the amount contested cannot equal $3,000. Plaintiff's complaint does not set forth explicitly the basis of recovery but simply avers that the vehicle was defective. It is a fair interpretation of the pleading, however, that plaintiffs are alleging breach of an implied warranty of merchantability. The measure of damages for such a breach is the difference between the value of the vehicle as accepted and the value that the vehicle would have had if it had been as warranted. Section 2-714 of the Uniform Commercial Code provides as follows:

"Buyer's Damage for Breach in Regard to Accepted Goods

". . . (2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances

show proximate damages of a different amount:" 12A PS §2-714(2).

Substantially the same result is reached if plaintiffs proceed on the theory that they either revoked acceptance of the car or rejected the car without acceptance. Under UCC section 2-711(3) such a buyer has the same rights as an aggrieved seller under section 2-706. Section 2-706 permits him to resell the objectionable goods and to recover in damages the difference between the contract price and the resale price, assuming resale is in a commercially reasonable manner and with notice to the other party.

The Act of June 16, 1836, P. L. 715, as amended, 5 PS §21, et seq., as supplemented by the rules of Dauphin County, provides for compulsory arbitration where the amount in controversy is $3,000 or less.

The appropriateness of defendant's remedy, that is, a motion for partial summary judgment, seems clear. Pennsylvania Rule of Civil Procedure 1035, after providing that any party may move for summary judgment on the pleadings and depositions, states, in subdivision (c):

"If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy and directing such

further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

In this motion, defendant is asking the court to determine "the extent to which the amount of damages or other relief is not in controversy," considering the pleadings and specifically considering plaintiffs' testimony by deposition. Although partial summary judgment is apparently not often used in Pennsylvania practice, under the case law in this State an "order made in partial summary judgment is clearly authorized as to those parts of the case about which there is no factual dispute, and the case can continue thereafter in light of the order expeditiously and with more simplicity": Adams v. Metropolitan Edison Co., 46 D. & C. 2d 125, 131 (Lebanon Co., 1968). In the cases in which an order of partial summary judgment has been granted, the effect of the order has been to eliminate from trial one or more of the material issues. See Bennett v. Pennsylvania Electric Co., 24 D. & C. 2d 59 (1960); Stevick v. Cowan & Cowan, Inc., 3 D. & C. 2d 363 (1954); Allen v. Kaufmann, 47 D. & C. 2d 433 (1969).

Rule 1035(c) is taken verbatim from Federal Rule of Civil Procedure 56(d). In Luria Steel & Trading Corp. v. Ford (D. Neb., 1949) 13 F.R. Serv. 56c.51, Case 1, 9 F.R.D. 479, 481, the purpose of rule 56(d) was stated as being "merely a determination before the trial that certain issues shall be deemed established in advance of the trial." In Yale Transport Corp. v. Yellow Truck & Coach Mfg. Co. (S.D.N.Y., 1944), 8 F.R. Serv. 12f.24, Case 1, 3 F.R.D. 440, 441, it was stated "Rule 56(d) affords the court an opportunity to withdraw sham issues from trial."

It might be noted parenthetically that had this action arisen in trespass Pa. R.C.P. 1044(d)[1] would have provided a simple remedy. While Pa. R.C.P. 1044 deals with trespass actions, this is undoubtedly because by nature such actions frequently contain claims for unliquidated damages, whereas in assumpsit actions the damages claimed are more readily ascertainable from the pleadings. There is authority that rule 1044 may be used in assumpsit actions. In Pacine v. Washington National Insurance Company, 60 Schuylkill L.R. 56 (1964), the court held a hearing under Pa. R.C.P. 1044(d) to determine whether the amount in controversy exceeded the arbitration limit. Plaintiff contended that the rule applied solely to actions in trespass and that the action being in assumpsit, the court was without jurisdiction. The court stated:

"It is true that Rule 1044 of the Pa. R.C.P. falls within that section of the Rules of Civil Procedure which deals with actions in trespass, but there is nothing recited in the Rule which limits it solely to this type of action. Rule 1041 of the Pa. R.C.P. indicates that the rules regarding trespass action should conform to those regarding assumpsit."

In light of the Act of 1836, as amended, and Dauphin County Rule 14.1, you can't make a jury trial out of an $1,800 [2] law suit any more than you can make a silk purse out of a sow's ear.

---

[1] "The court on its own motion or motion of any party may by deposition, pretrial conference, hearing or otherwise, determine the amount actually in controversy and enter an order of reference to a Board of Arbitration or of transfer to another court, or such other order as may be appropriate."

[2] Purchase price, including financing and insurance charges of $4,662.44, less the trade-in allowance of $2,935.10.

## ORDER

And now, April 16, 1971, defendant's motion for partial summary judgment is granted and it is determined that the amount in controversy is less than $3,000.