**ALLIS–CHALMERS CORPORATION**
v.
**PHILADELPHIA ELECTRIC COMPANY**
v.
**ALLIS–CHALMERS CORPORATION, Defendant on the Counterclaim,**
v.
**WESTINGHOUSE ELECTRIC CORPORATION, Third Party Defendant.**
**Civ. A. No. 73–2891.**

United States District Court,
E. D. Pennsylvania.
July 19, 1974.

Philip M. Hammett, Philadelphia, Pa., for plaintiff.

William T. Coleman, Jr., Richard W. Hopkins, Philadelphia, Pa., for Phila. Electric Co.

Stephen A. Cozen, Philadelphia, Pa., for Allis-Chalmers as defendant on counterclaim.

Raymond W. Midgett, Jr. and Arthur E. Newbold, IV Philadelphia, Pa., for Westinghouse.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

We are presented with the motion for summary judgment which is opposed not on the grounds that there are material facts in controversy, but on the grounds that it cannot be granted in the face of a permissive counterclaim for damages in excess of those sought in the summary judgment motion. Philadelphia Electric Company (PECO), the party opposing summary judgment, asserts that the presence of its counterclaim, even though it is not factually related to the original claim, creates the affirmative defense of set-off under Pennsylvania law which would defeat the entry of summary judgment in a state court, and that since this is a diversity case this Court must reach a similar result. Even if federal rather than state laws are

found to be controlling, PECO argues, entry of summary judgment would not be appropriate under these circumstances. We find that federal law controls here and that the entry of summary judgment is proper.

The plaintiff, Allis-Chalmers Corporation, has moved for summary judgment on two claims. The first claim is for $450,000 for the sale and delivery to PECO in 1972 of three power transformers. In its answer to plaintiffs complaint, PECO admits ordering transformers, the manufacture and delivery of the transformers by Allis-Chalmers, payment by PECO for five of the transformers, and failure to pay the remaining amount invoiced, which is the precise amount claimed by Allis-Chalmers. In an affidavit accompanying the summary judgment motion, Mr. Ronald Brown of Allis-Chalmers testifies to plaintiff's completion of all its obligations under the contract and to the fairness and reasonableness of the purchase prices which PECO agreed to pay. Plaintiff's second claim is for $47,000 for repair services performed in the Spring of 1973 at PECO's Muddy-Run Generating Station. The affidavit of Grover Wachter, Jr., of Allis-Chalmers, is offered in support of the fairness and reasonableness of the cost of the services performed for PECO by Allis-Chalmers.

Aside from the "defense" of an adequate testing period before payment, which will be dealt with at the end of this memorandum, PECO has not controverted any of the essential elements of Allis-Chalmers' two claims. However, PECO has counterclaimed in tort and contract for $519,000 in compensatory damages and $500,000 in punitive damages. PECO's counterclaim alleges that Allis-Chalmers manufactured and sold to PECO defective circuit-breakers which caused a fire in January 1972, at PECO's Callowhill Sub-Station, resulting in the damages claimed. (Allis-Chalmers has filed a third party complaint against Westinghouse Electric Corporation in connection with this counterclaim). The Allis-Chalmers equipment allegedly involved in Callowhill fire is completely unrelated to the equipment or services involved in the overdue account claims asserted by Allis-Chalmers. (Brown affidavit).

Allis-Chalmers argues that under Rules 56 and 54(b)[1] of the Federal Rules of Civil Procedures summary judgment may and should be entered on a claim which is factually undisputed and which is factually independent of any other of the claims involved in the action. PECO asserts that its counterclaim, since it is based partially on contract, is a set-off or affirmative defense under state law, which would prevent the entry of summary judgment in state court, and that since this is a diversity action summary judgment cannot be granted in a federal court. PECO further argues that even if federal rather than state summary judgment proce-

---

[1]. Even if this Court granted summary judgment under Rule 56, this judgment would not be final unless the Court made an "express determination" under Rule 54(b) that there was no just cause for delaying the entry of final judgment. The full text of Rule 54(b) reads:

Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

dures apply, Allis-Chalmers is not entitled to a summary judgment in the face of this set-off.

 The first question is: which law, state or federal, governs whether summary judgment should be entered under these circumstances? PECO is correct when it asserts that state law governs whether a claim constitutes an affirmative defense (or set-off) to another claim. Guaranty Trust Company v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); Associated Hardware Supply Company v. Big Wheel Distributing Company, 355 F.2d 114 (3rd Cir. 1966). State law is controlling as to whether PECO may assert its damages claim against Allis-Chalmers as a set-off,[2] but this does not in itself determine the question of whether a Federal Court may enter summary judgment under these circumstances. The *Big Wheel* case, *supra*, does not stand for the proposition that a federal court may not enter summary judgment where there exists a counterclaim constituting an affirmative defense under State law; rather that case holds that summary judgment may not be entered in face of an affirmative defense (fraud) which is factually related to the original claim and concerning which there are material facts in dispute. Likewise, *Guaranty Trust*, while establishing that State law determine which claims were or were not set-offs, did not hold that State law would in all circumstances control the disposition of such a claim. Cases since *Guaranty Trust* acknowledge that the procedures set forth in the Federal Rules of Civil Procedure may take priority over state procedures in diversity cases even if the outcome of the case is thereby affected. Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); Elizabethtown Trust Company

v. Konschak, 267 F.Supp. 46, (D.C.Pa. 1967). It is clear from a reading of each diversity case cited by the parties that the Federal Rules, in this case Rules 56 & 54(b), control the question of whether summary judgment should be granted. Associated Hardware Supply Company v. Big Wheel Distributing Company, 355 F.2d 114 (3rd Cir. 1966); Parmelee v. Chicago Eye Shield Co., 157 F.2d 582 (8th Cir. 1946); Curtis Publishing Company v. Church, Rickards & Company, Inc., 58 F.R.D. 594 (E.D.Pa. 1973).

 The question remains as to whether Rules 56 and 54(b) permit the entry of summary judgment on one claim when there exists a factually unrelated counterclaim for an amount equal to or greater than the original claim. There is no question that were PECO's claim closely related factually to plaintiffs claim the entry of summary judgment would be improper. TPO, Inc. v. Federal Deposit Insurance Corp., 487 F.2d 131 (3rd Cir. 1973). In *TPO* plaintiff's motion for summary judgment on its claim for monies owed was denied where defendant counterclaimed on grounds of fraud with respect to the transaction that gave rise to its obligation to pay plaintiff. The Court stated:

"[Our] opinion is in accord with other authority which questions the advisability of the entry of judgment against one party if it appears that ultimately he may recover judgment against the moving party after trial. [Citations omitted]. *Particular caution* also must be exercised when the claim and the counterclaim are so closely related that an issue of fact in one may prove to be important to both." (Emphasis added) 487 F.2d at 134.

2. For a claim to constitute a set-off under Pennsylvania law it must be "capable of liquidation by a known legal standard", In re Gordon, 317 Pa. 161, 177, 176 A. 494, 500 (1935). Even though PECO has claimed in both contract and tort, and for both compensatory and punitive damages, their claim qualifies as a set-off under this standard. Rossi v. Gehris Motors, Inc., 83 Pa.Dist. & Co. 88 (Del.Co.1955).

The Court in *Parmelee*, cited *supra*, was also confronted by compulsory counterclaims. That Court reversed a lower court's entry of summary judgment on plaintiff's claim where there were counterclaims based on the same distributorship agreement from which plaintiff's claim arose. The *Parmelee* Court found that even if summary judgment was justified under Rule 56, Rule 54(b) prevented summary judgment on less than all the claims involved in the case. The Court stated:

> "In the instant case . . . . there could not be separate actions on different claims, counts or causes of action in the plaintiffs complaint because there was but one claim presented. We are of the view that plaintiff was not entitled to judgment under Rule 54(b) regardless of whether the counter-claims arose out of the transaction or occurrence which is the subject matter of plaintiff's claim." 157 F.2d at 587.

Since the *Parmelee* Court interpreted Rule 54(b) to mean that summary judgment could not be entered on less than all the claims involved in a suit where plaintiff had asserted only one claim in his complaint, it was of no import whether or not the remaining claims were factually related to the claim on which summary judgment was sought. However, Rule 54(b) has been amended twice since *Parmelee*. The language of Rule 54(b) which was determinative of the *Parmelee* decision[3] has not been altered by the amendments in its substance, but it has been altered by the Courts in its interpretation. It is now generally conceded that whenever more than one claimant requests relief, whether by counterclaim, cross-claim, or other motion, more than one "claim for relief" is presented, since the claimants could have enforced their claims separately. 3 Barron & Holtzoff, Federal Practice and

Procedure, § 1193 (Wright, Ed.Supp. 1972). Therefore, Rule 54(b) does not present us with the same obstacles which the *Parmelee* Court felt that it was presented with.

A federal district court has entered summary judgment on a plaintiff's claim in spite of the presence of disputed compulsory counterclaims where those counterclaims were factually separable from the plaintiff's claim. Curtis Publishing Company v. Church, Rickards & Co., Inc., 58 F.R.D. 594 (E.D.Pa.1973). It is doubtful that the reasoning of this case has been superseded by the *TPO* case, cited *supra*, since *TPO* merely held that summary judgment could not be granted in those instances "when the claim and counterclaim are so closely related that an issue of fact in one may prove important to both", 487 F.2d at 134. The decision of the Court in Almar Supply Company, Inc. v. Weber-Stephen Products Company, 15 F.R.Serv.2d at 853 (E.D.Pa.1971), seems likewise unaffected by the Appellate Court's subsequent decision in *TPO*. In Almar the Court was faced with a permissive counterclaim for goods delivered and unpaid for by the plaintiff, who was suing the defendant for alleged violations of the antitrust laws. The court, noting that "the merits of the antitrust action have no effect on plaintiff's duty to pay for goods he ordered and received prior to the alleged antitrust violations by defendant", entered summary judgment on the counterclaim. 15 F.R.Serv.2d at 854.

PECO asserts that this Court should consider its counterclaim as a factual defense, since it is considered such under State law, and that this characterization alone renders PECO's claim sufficiently related to the plaintiff's claim to defeat summary judgment. However, what is essential is not the term used to describe defendant's counterclaim but whether

---

3. The language in Rule 54(b) which the *Parmelee* Court felt to be crucial was "[W]hen more than one claim for relief is presented in an action . . . . " For a discussion of

the *Parmelee* case to which much of the above analysis is owed, *see* Curtis Publishing Company v. Church, Rickards & Co., Inc., 58 F.R.D. 594, 597 (E.D.Pa.1973).

that claim is a separate and independent cause of action, *Almar Supply Company, supra,* and whether it is so closely related to the claim on which summary judgment is sought that an issue of fact in one may prove to be important to both, *TPO, supra.* Since defendant's counterclaim does state a separate and independent cause of action, and since it presents no issues of fact which may prove important to plaintiff's claim, the entry of summary judgment on plaintiff's claim is not only proper but is required under Federal Rule 56. PECO argues in the alternative that even if summary judgment is entered on plaintiff's claim this Court should stay the entry of such judgment pending judgment on the remaining claims pursuant to Federal Rule of Civil Procedure 62(h)[4]. In support of this contention PECO cites Curtis Publishing Company v. Church, Rickards & Co., Inc., 58 F.R. D. 594 (E.D.Pa.1973), where the Court stayed the enforcement of judgment on the factually undisputed claim until the counterclaims could be resolved. However, we agree with the Court in Almar Supply Company, Inc. v. Weber-Stephen Products Company, 15 F.R.Serv.2d 853, 854 (E.D.Pa.1971) which refused to stay execution of judgment on the grounds that "any facts which would justify staying execution on the judgment should likewise compel a refusal of summary judgment. An independent, unliquidated and dispute of claim would not be a sufficient reason to stay execution on a judgment entered against claimant." We believe that this is especially true where, as here, the claim and the counterclaim arise from totally different transactions.

 Mention was made at the outset of this discussion of PECO's defense that it need not pay for the machinery and repair services ordered from Allis-Chalmers until a "sufficient" period has elapsed for the testing of this machinery and these services. PECO asserts that when a party claims that a manufacturer has supplied it in the past with defective merchandise, and that the manufacturer has allegedly failed to make good any damages caused by the defective merchandise, that party need not pay for equipment which is totally unrelated to the equipment claimed to have been defective until an unspecified amount of time has expired in which any latent defects in the machinery can be detected. PECO offers no case law in support of this rather startling proposition, nor could it, in our opinion. While we do not intend to comment on any of the recourses PECO might have under the Uniform Commercial Code, we do feel that this defense is no defense.

---

4. Federal Rule of Civil Procedure 62(h) reads as follows:

"*Stay of Judgment as to Multiple Claims or Multiple Parties.* When a court has ordered a final judgment under the conditions stated in Rule 54(b), the court may stay enforcement of that judgment until the entering of subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered."